GLOVER v. MALLOSKA.

1. CONTEMPT—SUBTERFUGE TO EVADE DECREE IS CONTEMPT.
  It is contempt to employ a subterfuge to evade the decree of the court.

2. SAME—CONTEMPT TO EVADE INJUNCTION BY SUBTERFUGE.
  Defendants, enjoined from operating a lottery scheme in connection with their wholesale oil business, who, by a subterfuge, have continued the lottery since the injunction issued, are guilty of contempt.

Appeal from Genesee; Brennan (Fred W.), J. Submitted January 5, 1928. (Docket No. 53.) Decided February 14, 1928.

Bill by Floyd M. Glover, doing business as the Flint Oil Company, and others against William F. Malloska, doing business as the Lincoln Petroleum Products Com-

[1]Contempt, 13 C. J. § 12; Injunctions, 32 C. J. § 857; [2]Contempt, 13 C. J. § 12; Injunctions, 32 C. J. § 857.

pany, J. Sidney Atkinson, and others to enjoin a lottery scheme: On petition of plaintiffs against defendants Malloska and Atkinson for contempt of court. From an order granting the petition, said defendants appeal. Affirmed.

*Neithercut & Neithercut,* for plaintiffs.

*Gault & Parker,* for defendants.

CLARK, J. This is a proceeding to hold defendants Malloska and Atkinson in contempt for violation of decree entered in a cause reported in 238 Mich. 216. Said defendants and others, by distributing tickets at their oil stations to patrons and perhaps others, the monthly drawing of tickets and the giving of an automobile as a prize at such drawing, were held to be conducting a lottery and were enjoined. We quote from the decree:

"And it is further ordered, adjudged, and decreed that defendants, and each of them, be and they are hereby perpetually restrained from distributing, selling, or giving away tickets or tokens of any character, evidencing right of the holder to participate in drawing an automobile, by chance, and that an injunction may issue out of and under the seal of this court so enjoining defendants."

Defendants were found guilty and were given the alternative of fine or imprisonment, and they have appealed.

The finding of the trial judge that defendants participated in what was done since they were enjoined as aforesaid is supported by undisputed evidence and must be sustained. Whether what has been done since decree constitutes a lottery as a matter of law will not be discussed. The question here is: Have defendants violated the order and command of the court?

Since decree the practice has been to distribute in quantity to the oil stations small squares of paper on which are to be written the automobile license numbers of the cars of the patrons of the stations. The station attendant has not been ordered to write such numbers on the cards. But he is permitted to do it, and in some instances it has been so done. There is evidence of handing the card to the patron and of his writing his license number thereon. These tickets showing the license numbers are preserved at the several stations, collected once a month, and taken to a central point where the winner of the prize, an automobile, is determined by chance, by drawing, or by lot. The scheme has been advertised. The purpose of it is to increase the volume of business at the stations, and to increase profit. In substance and legal effect this is the same scheme the continuance of which was forbidden. At best it is a mere subterfuge. It is contempt to employ a subterfuge to evade the decree of the court. 6 R. C. L. p. 503.

Affirmed, with costs to plaintiffs.

NORTH, FELLOWS, WIEST, McDONALD, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.