*In re* ROSENDER

CONTEMPT—NOT IN PRESENCE OF COURT—AFFIDAVITS.
> An order of contempt of court entered against an attorney for his failure to appear for a scheduled hearing was improperly issued where no affidavit was presented to the court as a foundation for the contempt proceedings because the contempt was committed outside the immediate view and presence of the court (MCLA 600.1711; GCR 1963, 760.1).

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 January 11, 1972, at Detroit. (Docket No. 10780.)   Decided February 28, 1972.

Thomas Rosender was found in contempt of court. Defendant appeals.   Order of contempt set aside.

*Dell, Shantz, Booker & Schulte,* for plaintiff Madeline M. Thiel.

*Thomas Rosender, in propria persona.*

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and VAN VALKENBURG,* JJ.

PER CURIAM.   On December 14, 1970, as part of a broader order involving litigation in which he was

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

REFERENCE FOR POINTS IN HEADNOTE
17 Am Jur 2d, Contempt §§ 82, 83.

the attorney for one of the parties, Thomas Rosender was held in contempt of court for his failure to appear at a hearing noticed for June 17, 1970.[1] On appeal Rosender asserts that the contempt order was improperly entered against him, inasmuch as no affidavit was presented to the court as a foundation for the proceedings.[2]

The alleged contempt, if committed, was committed outside the immediate view and presence of the court. *In re Henry,* 25 Mich App 45, 53 (1970). Since no affidavit of facts setting forth the nature of the charge was made, the order of contempt was improperly issued. *In re Henry, supra; In re Collins,* 329 Mich 192 (1950). The order of contempt of court, herein considered, is therefore set aside.

---

[1] The order stated in pertinent part: "It is further ordered that Thomas Rosender, as attorney for the defendant, because of his negligence and because of his contempt of the order of the court in not appearing before the court and having no lawful excuse whatsoever for not so appearing shall pay the sum of $250.00 forthwith as an attorney fee to James H. Booker, attorney for the plaintiff."

[2] MCLA 600.1711; MSA 27A.1711 provides in part:

"(2) When any contempt is committed other than in the immediate view and presence of the court, the court may punish it by fine or imprisonment, or both, after proof of the facts charged has been made by affidavit or other method and opportunity has been given to defend."

See, also, GCR 1963, 760.1.