99 Mich. App. 492 (1980)
297 N.W.2d 646
IN THE MATTER OF THE CONTEMPT OF EVELYN NATHAN
PEOPLE
v.
TRAYLOR.
Docket Nos. 48818, 48819.
Michigan Court of Appeals.
Decided July 31, 1980.
Frank J. Kelley, Attorney General, Robert A. Derengoski, Solicitor General, William L. Cahalan, Prosecuting Attorney, Edward Reilly Wilson, Principal Attorney, Appeals, and Timothy Scallen, Assistant Prosecuting Attorney, for the Recorder's Court Judge.
*493 Carl Ziemba, for the contemner.
Before: N.J. KAUFMAN, P.J., and CYNAR and J.E. TOWNSEND,[*] JJ.
PER CURIAM.
Evelyn R. Nathan was held in contempt of court, MCL 600.1711; MSA 27A.1711, in connection with an alleged threat made to a complaining witness in a criminal case and received a one-day sentence. Her appeal rests upon three bases, only one of which we deem meritorious: that the order of contempt should be reversed because no affidavit was filed in support of the charges as is required by GCR 1963, 760.1.
Miss Nathan contends that, when allegations of contempt which occurs outside of the presence of the court are made, there must be an affidavit in support of the charges under MCL 600.1711(2):
"When any contempt is committed other than in the immediate view and presence of the court, the court may punish it by fine or imprisonment, or both, after proof of the facts charged has been made by affidavit or other method and opportunity has been given to defend."
Although this section of the statute seems to provide for other means in lieu of an affidavit and order to show cause, GCR 1963, 760.1 reads as follows:
"Initiation of Proceeding. For contempts not committed in the immediate view and presence of the court, upon a proper showing on ex parte motion supported by affidavits, the court shall either order the accused party to show cause at some reasonable time, to be therein specified, why he should not be punished for the alleged *494 misconduct, or shall issue a bench warrant for the arrest of such party."
While there seems to have been some confusion as to the distinction between these two provisions, it appears to us that in reality there is very little difference between the two. And if there is any, it is that GCR 1963, 760.1 sets forth the proper method for initiating contempt proceedings, and that MCL 600.1711(2) is concerned with the manner in which contempt charges may be proven. In fact, in his commentary to MCL 600.1711(2), Professor Carl Hawkins has stated that the procedure for such contempt is regulated by GCR 1963, 760.1, that is, by the filing of a motion supported by affidavits showing the facts on which the charges are based. See 5 Honigman & Hawkins, Mich Court Rules Annotated (2d ed), Author's Comment 5A, p 331. Furthermore, in the case of a true conflict between a general court rule and a statute  which we do not here believe to be the situation  the general court rule governs. See GCR 1963, 16.
In the case before us, the alleged contempt was not committed in the presence of the court, an affidavit was not filed, nor was an order to show cause issued. The Michigan Supreme Court has held that an alleged contemner's voluntary appearance in court to defend against contempt charges waived the procedural irregularities that occurred in initiating proceedings where no affidavit was filed. In re Huff, 352 Mich 402; 91 NW2d 613 (1958). While we would agree that such a voluntary appearance might provide the "other method" mentioned in the statute, here it can not truly be said that Miss Nathan appeared voluntarily, as she was taken back into the courtroom by a policeman who overheard the allegedly contemptuous *495 remarks she made to the complainant in the court corridor.
Absent waiver, any proceeding to charge a contempt not committed in the presence of the court must be initiated by an affidavit of the person witnessing such act or having personal knowledge of the acts charged. In re Wood, 82 Mich 75; 45 NW 1113 (1890), In re Rosender, 39 Mich App 62; 197 NW2d 132 (1972). See also In re Henry, 25 Mich App 45; 181 NW2d 64 (1970) which holds that a court charging a contempt not committed in its immediate presence does not have jurisdiction over the matter if there has not been a valid affidavit initiating the action.
In view of the absence of an affidavit and an order to show cause to initiate contempt proceedings, and because we cannot find true voluntariness and thus a waiver of the requirements of GCR 1963, 760.1, we hereby reverse the order of contempt of court.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.