## PEOPLE v OSTAFIN

Docket No. 54767. Submitted October 6, 1981, at Grand Rapids.—
Decided January 11, 1982.

Michael J. Ostafin was convicted of armed robbery in Kalamazoo
Circuit Court, Robert L. Borsos, J. Subsequently, the defendant
moved to have the court set aside his conviction, vacate his
sentence, grant a dismissal or grant a new trial. Subsequently,
the circuit judge set aside the defendant's conviction and
granted him a new trial because a transcript of the defendant's
trial could not be located despite diligent efforts to obtain it.
Thereafter, the judge entered an order of nolle prosequi based
on the prosecuting attorney's petition requesting the order
because the principal prosecution witness was unavailable and
trial by transcript was not possible until and unless the tran-
script was located. Later, after locating the transcript, the
prosecuting attorney filed a motion to reinstate the conviction.
The trial court set aside the order of nolle prosequi and the
order granting a new trial and reinstated the defendant's
conviction. The defendant appeals, alleging that once an order
of nolle prosequi has been entered, the prosecution must pro-
ceed, if at all, by reinstituting proceedings through reindict-
ment or by filing a new information. *Held:*

The prosecution must begin proceedings anew after entry of
an order of nolle prosequi and should not merely seek to
reinstate a previous indictment or conviction. There was no
"mistake" in entering the order of nolle prosequi within the
meaning of the court rule allowing the setting aside of orders
where a mistake has been committed. The prosecutor's assump-
tions stated within the petition for the order of nolle prosequi
were correct. The reinstatement of the defendant's conviction is
reversed. The defendant may be retried upon a new indictment
or information.

Reversed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 513.
[2] 20 Am Jur 2d, Courts § 84.
[3] 20 Am Jur 2d, Courts § 86.
[4] 21 Am Jur 2d, Criminal Law § 516.

1. CRIMINAL LAW — NOLLE PROSEQUI.

Subsequent to the entry of an order of nolle prosequi, a prosecuting attorney should not move to reinstate the indictment or previous conviction in the case for which the order of nolle prosequi was entered; a prosecuting attorney desiring to proceed against a defendant subsequent to the entry of an order of nolle prosequi must begin new proceedings against the defendant; however, where the order of nolle prosequi was obtained through mistake or fraud, the order may be set aside and the prosecutor may move to reinstate the defendant's indictment or conviction.

2. STATUTES — COURT RULES.

A general court rule will govern where there exists a true conflict between the court rule and a statute (GCR 1963, 16).

3. JUDGMENTS — COURT RULES.

The court rule allowing a court to relieve a party from a final judgment or order due to mistake, inadvertence, surprise or excusable neglect should not authorize such relief where a prosecutor petitioned for and obtained a writ of nolle prosequi and subsequently petitioned to set aside the order merely on a showing that the prosecutor with knowledge of all the facts had mistakenly concluded that certain important evidence would not be obtained within a reasonable time (GCR 1963, 528.3).

4. CRIMINAL LAW — NOLLE PROSEQUI.

Generally, the entry of an order of nolle prosequi operates to divest the court entering such order of jurisdiction over the defendant's case, although the court may retain jurisdiction for a limited period of time for the purpose of correcting clerical errors or orders obtained through fraud.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *James A. Christopherson,* Assistant Prosecuting Attorney, for the people.

*Earl W. Dalzell,* for defendant on appeal.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR., and R. ROBINSON,* JJ.

R. M. MAHER, P.J. Defendant was convicted of two counts of armed robbery, MCL 750.529; MSA 28.797, after a jury trial in Kalamazoo County Circuit Court. On June 7, 1977, he was sentenced to concurrent terms of 2-1/2 to 5 years on each count.

On June 15, 1977, defendant filed a motion and a notice of hearing to have the court set aside his conviction, vacate his sentence, grant a dismissal or grant a new trial. A hearing was held on July 22, 1977, and the circuit court apparently indicated that it would order a transcript for the purpose of ruling on the motion. It is unclear whether this transcript was ever actually requested by the court.

More than two years later, on October 10, 1979, defendant filed a motion to set a time for the hearing on the motion to set aside conviction, vacate sentence, grant a dismissal or grant a new trial. On October 10, 1979, a hearing on the motion was held before a different circuit judge. The hearing resulted in a six-week adjournment to allow the parties time to locate the transcript. On December 10, 1979, the circuit judge ordered another such adjournment because the transcript was still unavailable and because reconstruction of the testimony was not feasible.

Finally, on January 15, 1980, the circuit judge, acknowledging that the transcript could not be located despite diligent efforts to obtain it, set aside defendant's conviction and granted him a new trial. On the same day, defendant was rear-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

raigned on the same information, entered a plea of not guilty, and was released on bond.

On March 13, 1980, the prosecution filed a petition and order of nolle prosequi because the principal prosecution witness was unavailable and because a "trial by transcript" was not possible until and unless the transcript were located. The circuit court entered an order of nolle prosequi on March 24, 1980, and defendant's bond was cancelled. At this point defendant was a free man; there were no charges outstanding against him, and his conviction had been set aside by the circuit court.

On May 27, 1980, after locating the transcript, the prosecution filed a motion to reinstate the conviction. Sixty-five days had elapsed since the circuit court had entered the order of nolle prosequi, and 132 days had elapsed since defendant had been granted a new trial and rearraigned. Defendant filed, in response, a motion entitled special appearance for the purpose of questioning jurisdiction. On June 16, 1980, the circuit court denied defendant's motion regarding jurisdiction and granted the motion to reinstate the conviction. Defendant then filed motions for reconsideration of the reinstatement of his conviction and for reconsideration of his motion regarding jurisdiction. These motions were denied on September 30, 1980. On the same day the court also set aside the order of nolle prosequi and the order granting a new trial. Defendant now appeals as of right.

Defendant contends that once an order of nolle prosequi has been entered, the prosecution must proceed, if at all, by reinstituting proceedings anew, through reindictment or a new information. MCL 767.29; MSA 28.969 provides:

"It shall not hereafter be lawful for any prosecuting

attorney to enter a nolle prosequi upon any indictment, or in any other way to discontinue or abandon the same, without stating on the record the reasons therefor and without the leave of the court having jurisdiction to try the offense charged, entered in its minutes."

In *People v Curtis*, 389 Mich 698, 706; 209 NW2d 243 (1973), the Supreme Court discussed the effect of an order of nolle prosequi under this statute:

"It thus appears clear * * * that the forerunner of the present statute in question was enacted to protect the interests of the criminal defendant. This it did by requiring that thereafter all nolle prosequi would be entered on the record. This statute then had the effect of requiring a prosecuting attorney who entered a nolle prosequi after indictment to obtain a new indictment and begin proceedings anew if he wished to reinstate the original charge. It thus effectively overruled the old common-law rules permitting a prosecutor to retract a nolle prosequi and immediately proceed to trial on the same indictment. * * * Today, as long as jeopardy has not attached, or the statute of limitations not run, our law permits a prosecutor to reinstate the original charge on the basis of obtaining a new indictment and thus beginning the process anew."

Clearly, then, defendant is correct in his assertion that the prosecution must begin proceedings anew after entry of an order of nolle prosequi, and may not merely seek to reinstate a previous indictment or conviction. However, the prosecution contends that the trial court properly granted relief from the order of nolle prosequi under GCR 1963, 528.3, which provides in part:

".3 Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; Etc. On motion and upon

such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * *."

The prosecution insists that the nolle prosequi order was entered by "mistake", and that therefore the circuit court had the power to set aside the order. We concede that if a true conflict existed between GCR 1963, 528.3 and MCL 767.29; MSA 28.969, the general court rule would govern. See GCR 1963, 16 and *In re Nathan,* 99 Mich App 492, 494; 297 NW2d 646 (1980). However, we find that GCR 1963, 528.3 was improperly applied in the present case, and that therefore the circuit court erred in setting aside the order of nolle prosequi and reinstating defendant's conviction.

When the prosecution filed its petition for a nolle prosequi order, two reasons were stated for its action:

"Your petitioner further shows unto the court that the people are now unable to proceed to trial on this matter due to complications with and non-availability of witnesses who had previously testified when the defendant was justly convicted by a jury of his peers on two counts of armed robbery, a capital offense, which this court has subsequently set aside upon motion of defense counsel.

"That in this case, the people are now denied their recourse against said felon by the inability of the court to provide the transcript of said trial wherein the defendant was previously convicted."

Thus, two assumptions prompted the nolle prosequi petition: the unavailability of witnesses and the inability of the court to provide a transcript (which would have made possible a subsequent "trial by transcript"). The prosecution was mis-

taken in neither assumption; neither witnesses nor transcript were available at the time.

It is of course possible that the prosecution made an error in *judgment* by so quickly obtaining an order of nolle prosequi. We do not believe, however, that GCR 1963, 528.3 was intended to authorize such extraordinary relief merely on a showing that one party with knowledge of all the facts has mistakenly concluded that certain important evidence will not be obtained within a reasonable time. Under the prosecution's theory, the "reindictment mandate" of MCL 767.29; MSA 28.969 would often be meaningless because a request to set aside a nolle prosequi order is typically preceded by a prosecutorial "mistake" in obtaining such an order in the first place.

In its petition for the order, the prosecution did not state that the transcript had been destroyed, or that it was permanently unavailable, but only that the Court was unable to provide it. Since the prosecution was correct in each of its assumptions, no "mistake" occurred under GCR 1963, 528.3; nor was the entry of the order brought about through "inadvertence, surprise, or excusable neglect", within the meaning of the rule. Consequently, under these circumstances, we perceive no conflict between GCR 1963, 528.3 and MCL 767.29; MSA 28.969.

The propriety of the circu *r* court's reinstatement of defendant's conviction depends upon the correctness of its order setting aside the order of nolle prosequi, inasmuch as the prosecution must proceed, if at all, through reindictment if such an order is in effect. MCL 767.29; MSA 28.969 and *People v Curtis, supra.* Since we have determined that the circuit court's order setting aside the nolle prosequi order was improper, we must also

reverse the reinstatement of defendant's conviction. If the prosecution so chooses, defendant may be retried upon a new indictment or information for these offenses.

Defendant also argues that the entry of the order of nolle prosequi divested the circuit court of jurisdiction over his case. The court justified its actions by citing its "inherent power" to correct its own mistakes. We are willing to accept the retention of jurisdiction by a court for a limited period of time for the purpose of correcting clerical errors or orders obtained through fraud, but believe that the entry of a nolle prosequi order may in most cases operate to divest a court of jurisdiction. However, our disposition of the previous issue makes it unnecessary to decide whether the circuit court's actions were also improper on jurisdictional grounds.

Reversed. We retain no further jurisdiction.