CLINTON TOWNSHIP v CITY OF MOUNT CLEMENS

Docket Nos. 99092, 100245. Submitted May 11, 1988, at Detroit. Decided September 7, 1988. Leave to appeal applied for.

The City of Mount Clemens purchased thirteen acres of property adjacent to the city in Clinton Township. Clinton Township filed suit against the city and Cynthia Walker, the former owner, in Macomb Circuit Court seeking declaratory and injunctive relief preventing the city from annexing the property. The court, John B. Bruff, J., ruled that the city met the statutory requirements for annexation of vacant property owned by the city. The township appealed and moved for a stay to prevent the city from annexing the property pending resolution of the appeal. The city annexed the property before the court ruled on the motion for the stay. The court then granted the township's motion to vacate the annexation resolution and granted a temporary stay of proceedings. The city appealed from that order. The circuit court subsequently denied the township's original motion for a stay, and the township moved in the Court of Appeals for restoration of the preliminary injunctive order. The Court of Appeals restored the preliminary injunction, in effect staying proceedings during appeal. The two appeals were consolidated, and the township's motion to dismiss the city's appeal as moot was denied.

The Court of Appeals *held:*

1. The order of the Court of Appeals restoring the preliminary injunction does not render impossible the reversal of the trial court's order vacating the city's resolution and the granting of the relief sought by the city. Defendant's appeal therefore is not moot.

2. The trial court did not err in vacating the city's annexation resolution. The city's resolution to annex the property

REFERENCES

Am Jur 2d, Actions § 56.

Am Jur 2d, Judgments §§ 923, 924.

Am Jur 2d, Municipal Corporations, Counties and Other Political Subdivisions §§ 55 *et seq.*

What landis contiguous or adjacent to municipality so as to be subject to annexation. 49 ALR3d 589.

violated the court rule requiring a twenty-one-day automatic stay of execution of judgment.

3. The statute governing annexation does not require that property sought to be annexed by a city be vacant at the time of its purchase. The property may be made vacant by the city's own actions.

4. The city's annexation of the subject property will not create an enclave or impermissible irregular boundaries.

5. The trial court's declaratory judgment and order vacating the annexation resolution are affirmed and the Court of Appeals' preliminary injunction is dissolved.

Affirmed.

1. ACTIONS — MOOTNESS.

An issue is moot when an event occurs which renders it impossible for the reviewing court to grant relief.

2. JUDGMENTS — STAYS OF EXECUTION — INJUNCTIONS — COURT RULES.

The twenty-one-day automatic stay of execution of judgment set forth in the court rules applies to any part of a judgment declaring the rights of the parties, even if another portion of the judgment grants injunctive relief and therefore is not subject to the automatic stay of execution provision (MCL 2.614[A][1],[C]).

3. MUNICIPAL CORPORATIONS — ANNEXATION OF TERRITORY — VACANCY.

Property sought to be annexed by a city need not be vacant at the time it is purchased by the city; the property may be made vacant by the city's own actions.

4. MUNICIPAL CORPORATIONS — ANNEXATION OF TERRITORY — ENCLAVES.

A city may not annex territories so that an enclave, i.e., a tract of territory enclosed within a foreign territory, is created.

*York & Dolan, P.C.* (by *John A. Dolan*), for plaintiff.

*Freeman McKenzie* (by *George J. Freeman, Thomas L. Treppa,* and *Jeffrey L. Portis*), for defendant.

Amicus Curiae:

*Bauckham, Reed, Sparks, Rolfe & Thomsen, P.C.*

(by *John H. Bauckham*), for Michigan Townships Association.

Before: McDonald, P.J., and Kelly and W. F. LaVoy,* JJ.

McDonald, P.J. Plaintiff Clinton Township brought this action for declaratory judgment against defendants City of Mount Clemens and Cynthia Winkler to prevent Mount Clemens from annexing property located in Clinton Township. Following a nonjury trial, the trial court ruled that Mount Clemens met the statutory requirements for annexation under MCL 117.9(8); MSA 5.2088(8), which allows a city to annex by resolution vacant property owned by the city. Plaintiff appeals as of right from this finding.

After the opinion was issued, Clinton Township moved for a stay to prevent Mount Clemens from annexing the property pending resolution of the appeal. Before the trial court ruled on the township's motion, the city annexed the property. The trial court then granted the township's motion to vacate the annexation resolution and granted a temporary stay. Defendant City of Mount Clemens appeals from this order as of right. Defendant Cynthia Winkler is a not a party to these appeals.

The trial court subsequently denied the township's motion for a stay. The township timely filed an appeal to this Court, which granted the township's motion to restore the preliminary injunction. That order also granted the township's motion for immediate consideration. The two appeals were consolidated by order of this Court. This Court denied the township's motion to dismiss the city's appeal for mootness.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Mount Clemens purchased the subject property from Cynthia Winkler on March 6, 1986. The property, approximately thirteen acres, is adjacent to the city in Clinton Township and is commonly known as the Mount Clemens racetrack. Under the terms of the purchase, Winkler retained ownership of personal property on the premises and the right to remove all salvageable materials from the buildings on the property. Several items were removed, rendering the remaining buildings or structures useless, not habitable or suitable for renovation. The township alleged the city deliberately rendered the buildings useless and refrained from using the property in order to render the property vacant as it intended to annex the property by resolution pursuant to MCL 117.9(8); MSA 5.2088(8). Although a dispute existed as to whether a small parcel of the thirteen acres was subject to a life estate, thus delaying the city's right to possession, that dispute was being litigated in a separate suit.

Several orders were entered preventing both Winkler and the city from causing further demolition of the buildings on the racetrack. A preliminary injunction against the city prohibiting adoption of an annexation resolution pending the court's decision on whether the statutory grounds for annexation were met was entered on December 5, 1986.

On appeal defendant city claims the trial court erred in vacating the city's resolution annexing the property.

Clinton Township argues that this Court's order reinstating the preliminary injunction preventing annexation renders moot the issue of the legality of the trial court's order vacating the resolution. We disagree.

An issue is moot when an event occurs which

renders it impossible for the reviewing court to grant relief. *Crawford Co v Secretary of State,* 160 Mich App 88; 408 NW2d 112 (1987). This Court's order restoring the preliminary injunction does not render impossible the reversal of the lower court's order vacating the city's resolution and the granting of the relief sought by the defendant. Therefore, defendant's appeal is not moot. Addressing the merits of defendant's appeal, we conclude the trial court did not err in vacating the city's annexation resolution.

The trial court vacated the annexation resolution, finding the city's action to be in violation of the twenty-one-day automatic stay of execution of judgment contained in MCR 2.614(A)(1).[1] The city argues that MCR 2.614(C)[2] applies since the township's actions sought injunctive relief and thus contends the automatic stay contained in subsection (A)(1) is inapplicable.

Although we agree subsection (C) applies to the portion of the court's judgment denying the township's request for injunctive relief, the township's

---

[1] Except as provided in this rule, execution may not issue on a judgment and proceedings may not be taken for its enforcement until the expiration of 21 days after its entry. If a motion for new trial, a motion to alter or amend the judgment, a motion for judgment notwithstanding the verdict, or a motion to amend or for additional findings of the court is filed and served within 21 days after entry of the judgment, execution may not issue on the judgment and proceedings may not be taken for its enforcement until the expiration of 21 days after the entry of the order on the motion, unless otherwise ordered by the court on motion for good cause. Nothing in this rule prohibits the court from enjoining the transfer or disposition of property during the 21-day period.

[2] If an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court may suspend, modify, restore, or grant an injunction during the pendency of the appeal on terms as to bond or otherwise that are proper for the security of the adverse party's rights.

action was not merely one requesting injunctive relief. The main thrust of the township's action was declaratory in nature. Thus the portion of the judgment declaring the rights of the parties remained subject to the automatic stay provision of MCR 2.614(A)(1). The city's resolution to annex the property, having been passed within twenty-one days of the judgment, violated MCR 2.614(A)(1). We therefore find no error in the trial court's vacation of this resolution.

Plaintiff raises two issues on appeal. Plaintiff first claims the trial court erred in holding that MCL 117.9(8); MSA 5.2088(8) allowed defendant to annex property which defendant had rendered vacant.

The statute in question requires in part that the territory proposed to be annexed by the city be adjacent to the city, owned by the city, and vacant. It is undisputed the property at issue was adjacent to and owned by the city. Thus these requirements of the statute are met. However, the township contends the trial court erred in finding the property was vacant for purposes of the statute, as the property was not vacant when the city acquired it. The township contends the statute does not allow annexation of property made vacant by the city's own actions. We disagree.

To limit the application of MCL 117.9(8); MSA 5.2088(8) to property which is vacant when acquired by a city imposes a requirement not found in the language of the statute. Such a requirement would also impede the statutory intent of expediting the annexation of city-owned property. See *Pittsfield Twp v Saline,* 103 Mich App 99; 302 NW2d 608 (1981).

Mount Clemens was the legal owner of the racetrack property. As the owner, it could demolish existing structures and discontinue the present

use of the property. In *Saline, supra,* this Court noted the city-owner's ability to terminate farm-lease agreements and remove crops from the property and held the property was vacant under the statute notwithstanding the cultivation of seasonal crops. Mount Clemens' actions in making the property vacant did not constitute a ruse like the scheme in *Rutland Twp v City of Hastings,* 413 Mich 560; 321 NW2d 647 (1982), where the city became the owner only for the time necessary for annexation. In this case, Mount Clemens acted as the true owner of the property and we therefore conclude that making the property vacant does not contravene the legislative intent of MCL 117.9(8); MSA 5.2088(8).

The township raises several arguments in support of its claim that the city did not act in good faith. However, we find none of these arguments justifies enjoining the city from exercising its rights under the statute.

Plaintiff next argues the city's annexation of the property in question would be improper as it would create an enclave and irregular boundaries.

The trial court's February 5, 1987, opinion states that Mount Clemens was also involved in a lawsuit to determine whether a part of the racetrack property was subject to a life estate. No one was living on the alleged life estate parcel, and it was vacant. Nothing in the court file or briefs indicates the disposition of that case. The township argues that annexation would create an illegal enclave consisting of the life estate. The city argued that no enclave was created because one half of the road linking the life estate parcel to the township remains in Clinton Township.

An enclave is a tract of territory enclosed within a foreign territory. Although cities may not annex

territories so that enclaves are created, *Pittsfield Twp v Ann Arbor,* 86 Mich App 229; 274 NW2d 466 (1978), after reviewing the record in the instant case, we do not believe that the city's annexation of the instant property will create either an enclave or impermissible irregular boundaries.

The trial court's declaratory judgment and order vacating the annexation resolution are affirmed and this Court's preliminary injunction is dissolved.