184 Mich. App. 749 (1990)
458 N.W.2d 919
IN RE CONTEMPT OF CALCUTT
CALCUTT
v.
HARPER GRACE HOSPITALS
Docket No. 119430.
Michigan Court of Appeals.
Decided July 24, 1990.
Randall M. Wokas, for himself and Billy Calcutt.
Jack C. Chilingirian, for Gary Hinkle.
Before: WAHLS, P.J., and GRIBBS and SULLIVAN, JJ.
WAHLS, P.J.
This is a contempt of court proceeding which is ancillary to an appeal as of right by Gary Hinkle from a July 21, 1989, Wayne Circuit Court order which granted Billy Calcutt's motion for summary disposition. The order awarded Calcutt *752 a fund consisting of approximately $180,000 in health insurance proceeds which was on deposit with the trial court in an interpleader action. On Hinkle's motion, we ordered the proceedings in the trial court stayed and the fund of insurance proceeds returned pending the outcome of Hinkle's appeal. We now find Calcutt and his attorney, Randall Wokas, in contempt of this Court for disobeying this Court's order and remand this case to the trial court for proceedings consistent with this opinion.
I
On July 26, 1989, five days after summary disposition was entered, Hinkle filed an appeal in this Court and gave notice to Calcutt and Wokas. On July 31, 1989, ten days after the entry of summary disposition, Wokas had the fund of insurance proceeds withdrawn from the court on Calcutt's behalf. Hinkle was not notified of the withdrawal. On August 4, 1989, only fourteen days after summary disposition was entered, Hinkle filed a motion in the trial court for a stay of proceedings during the pendency of the appeal. Hinkle requested that the fund of insurance proceeds remain in the court's custody and that the fund, plus an additional sum of money, constitute Hinkle's bond on appeal. On August 11, 1989, twenty-one days after summary disposition was entered, Calcutt responded that he had already withdrawn the fund from the court. On August 16, 1989, twenty-six days after summary disposition was entered, Hinkle amended his motion to allege that Calcutt had withdrawn the fund contrary to MCR 2.614(A) which provides an automatic stay of proceedings for twenty-one days after entry of an order. Hinkle requested the court to order that the fund be returned.
*753 A hearing on Hinkle's motion was originally scheduled for August 18, 1989, but was adjourned by the trial court. Hinkle did, however, manage to schedule an emergency conference with the court for August 22, 1989. At that time, the court stated it was not ready for a hearing on Hinkle's motion.
On September 15, 1989, a hearing was finally held on Hinkle's motion. However, the court took the matter under advisement for another month until October 18, 1989, when it entered an order denying Hinkle's motion. Although the court found that "it is undisputed that [Calcutt] executed on the judgment prior to the 21-day expiration [sic] period" in violation of MCR 2.614(A), the court believed that the issue was rendered moot by its ultimate decision to deny Hinkle's motion for a stay of proceedings.
Hinkle sought immediate review in this Court of the trial court's decision to deny a stay on appeal. MCR 2.614(F) and 7.209. As indicated above, we entered an order on November 27, 1989, granting Hinkle's motion for a stay and ordering the return of the fund.
On December 6, 1989, Hinkle filed a petition in this Court to hold Wokas and Calcutt in contempt of court because Wokas had indicated that he and Calcutt were not going to comply with this Court's order to return the fund. On December 18, 1989, Wokas filed a motion requesting an extension of time to respond because "Calcutt no longer resides in ... Michigan, and [Wokas] has ... been unable to secure Calcutt's assistance in the preparation of a response." On behalf of himself, Wokas claimed that he "does not have in his possession, custody, or control any funds belonging to Calcutt, nor does he hold any funds in trust for Calcutt, and hence, he cannot place said funds in an interest bearing account."
*754 On December 26, 1989, this Court denied Wokas' motion for an extension and, on the basis of Hinkle's petition to hold Wokas and Calcutt in contempt, ordered that "[s]aid plaintiffs [sic] shall personally appear in [this Court] on Friday, February 2, 1990, to explain why they are not in contempt of this Court." On February 1, 1990, Wokas filed a response on behalf of Calcutt in which Calcutt claimed that MCR 2.614 was not violated. Wokas claimed that, since there had been no court order or rule restraining Calcutt, Calcutt had been free to spend the entire fund as he wished, and, since Calcutt had spent the entire fund, Calcutt cannot be held in contempt for not obeying this Court's order. On his own behalf, Wokas claimed that he was ethically "obliged to deliver the funds" to Calcutt, and that he did not have any part of the fund. However, Wokas "did earn and has been paid a reasonable hourly attorney fee ... in connection with [this case]."
Wokas and Calcutt appeared at the hearing in this Court on February 2, 1990. On behalf of Calcutt and himself, Wokas detailed the defenses outlined above and explained his and Calcutt's actions in this matter. Among other things, Wokas also informed this Court for the first time that he disbursed the fund from his client trust account to himself and Calcutt on August 21, 1989, the day before the emergency conference in the trial court on Hinkle's motion. (As indicated above, in his pleadings filed on behalf of Calcutt, e.g., Calcutt's answer to Hinkle's "motion" for stay in this Court, Wokas represented to this Court that the fund was "disbursed to Calcutt." Wokas consistently maintained that Calcutt disposed of the money.) This Court took the matter under advisement and adjourned after a full hearing.
*755 II
The issue whether the automatic stay of MCR 2.614 was violated is not dispositive of the main issue whether Wokas and Calcutt are in contempt of this Court, but it does merit discussion. MCR 2.614(A)(1) provides:
Except as provided in this rule, execution may not issue on a judgment and proceedings may not be taken for its enforcement until the expiration of 21 days after its entry. If a motion for new trial, a motion to alter or amend the judgment, a motion for judgment notwithstanding the verdict, or a motion to amend or for additional findings of the court is filed and served within 21 days after entry of the judgment, execution may not issue on the judgment and proceedings may not be taken for its enforcement until the expiration of 21 days after the entry of the order on the motion, unless otherwise ordered by the court on motion for good cause. Nothing in this rule prohibits the court from enjoining the transfer or disposition of property during the 21-day period.
The purpose of the automatic stay is to preserve the status quo during the period an aggrieved party has to file posttrial motions or an appeal. Martin, Dean & Webster, Michigan Court Rules Practice, Rule 2.614, comment 1, pp 637-639. Exceptions to the automatic stay are provided in MCR 2.614(A)(2); none of them apply to this case. Hinkle properly relied on the automatic stay preventing Wokas and Calcutt from recovering the fund while Hinkle took steps to perfect his appeal and obtain a stay of proceedings pending his appeal in this Court.
Wokas and Calcutt violated MCR 2.614(A)(1) when they recovered the fund from the clerk during the twenty-one-day automatic stay. See *756 Clinton Twp v Mt Clemens, 171 Mich App 288, 292-293; 429 NW2d 656 (1988), lv den 432 Mich 884 (1989); Lyons v Lyons, 125 Mich App 626, 630-631; 336 NW2d 844 (1983). It is entirely irrelevant that, accepting Wokas' claim, Wokas would not have removed the fund if the trial court's clerk had not called Wokas and inquired about removing the fund. Wokas was aware of the court rule and should have obeyed it. Cf. Lyons, supra.
Stay on appeal is governed by MCR 7.209, which provides for a stay of execution upon the filing of a bond. MCR 7.209(H). In this case, the fund on deposit with the court clerk in an interest-bearing account, plus a minimal additional sum from Hinkle, would have been a satisfactory bond. MCR 7.209(G); MCR 3.604(K); MCL 600.2631; MSA 27A.2631. Also, "[a] bond in a civil action need not be approved by a court or clerk before filing but is subject to the objection procedure provided in MCR 3.604." MCR 7.209(G)(1). Therefore, by proceeding in the manner he did within the twenty-one-day stay period provided in MCR 2.614(A)(1), Hinkle could have effectively perpetuated the stay until his motion for a stay was decided, and the bond approved or disapproved by the trial court. MCR 7.209. It appears that only Wokas' improper removal of the fund on behalf of Calcutt prevented Hinkle from perpetuating the stay.
III
Attorneys and parties to actions are obliged to obey this Court's lawful orders, even if erroneous, until the orders are reversed. Rose v Aaron, 345 Mich 613, 615; 76 NW2d 829 (1956); Schumacher v Tidswell, 138 Mich App 708, 722; 360 NW2d 915 (1984). The Legislature vested this Court with the power to punish attorneys and parties to actions *757 for contempt of this Court for disobedience of its orders. See MCL 600.1701 et seq.; MSA 27A.1701 et seq.; see also Const 1963, art 6, § 10; People v Cooke, 419 Mich 420, 430; 355 NW2d 88 (1984).
Contempt proceedings for contempts committed outside the immediate view and presence of this Court should be initiated on ex parte motion supported by an affidavit of facts showing the alleged contemptuous conduct. MCR 3.606(A); see In re Nathan, 99 Mich App 492, 495; 297 NW2d 646 (1980), and cases cited there. Additionally, our Supreme Court has held that a show cause order was properly issued on this Court's own motion, supported by judicial notice of this Court's records. In re Albert, 383 Mich 722, 724; 179 NW2d 20 (1970); see MCL 600.1711(2); MSA 27A.1711. Regardless, there must be a sufficient foundation of competent evidence, and legitimate inferences therefrom, before a show cause order may issue. Randall v Genesee Circuit Judge, 336 Mich 335, 340-341; 57 NW2d 906 (1953); see Russell v Wayne Circuit Judge, 136 Mich 624, 625-626; 99 NW 864 (1904).
When, as in this case, the contempt is committed outside the immediate view and presence of the court, this Court may punish it only "after proof of the facts charged has been made by affidavit or other method and opportunity has been given to defend." MCL 600.1711(2); MSA 27A.1711(2). The rules of evidence apply at the hearing on the contempt charges. MRE 1101(a) and (b)(4). Although in this case only a civil contempt is charged, the standard of proof is more stringent than in other civil actions: proof of contempt must be clear and unequivocal. People v Matish, 384 Mich 568, 572; 184 NW2d 915 (1971); Detroit Bd of Ed v Detroit Federation of Teachers, *758 55 Mich App 499, 505-506; 223 NW2d 23 (1974), lv den 394 Mich 807 (1975).
Since civil contempt actions are tried by the court without a jury, this Court must make findings of fact, state its conclusions of law, and direct entry of the appropriate judgment. MCR 2.517(A); see Kowalski, McCarty & Stockmeyer, Contempt of Court in Michigan, 4 Cooley L R 411, 454 (1987). As punishment for contempt, this Court may impose a fine of no more than $250, or it may imprison the contemnor, or both. MCL 600.1715(1); MSA 27A.1715(1). When it is not within the power of the contemnor to cure the contempt, imprisonment must not exceed thirty days. Id. Conversely, when it is within his power, the contemnor may be imprisoned until he cures the contempt. See Id. Accordingly, the contemnor must be released when he cures the contempt or when it is no longer within his power to cure the contempt and he pays the fine and the costs and expenses of the proceedings. MCL 600.1715(2); MSA 27A.1715(2). The contemnor must also indemnify any person for losses sustained as a direct result of the contemptuous conduct, including attorney fees. MCL 600.1721; MSA 27A.1721; Plumbers and Pipefitters Local 190 v Wolff, 141 Mich App 815, 818-819; 369 NW2d 237 (1985). In every case, the sanctions imposed, including the term or conditions of the contemnor's imprisonment, should be specified in the court's findings and must be specified in the court's order. 4 Cooley L R 452-453; MCL 600.1715; MSA 27A.1715.
IV
This Court had authority, whether on review of the trial court's denial of a stay or directly, to order that the fund be returned in order to preserve *759 the subject matter of the appeal pending disposition of the appeal. See MCR 2.614(F), 7.209, 7.216(A)(7) and (9); MCL 600.310; MSA 27A.310. The affidavit filed in this case laid a sufficient foundation for this Court's order to Wokas and Calcutt to appear in this Court and show cause why they should not be held in contempt for violating this Court's order to return the fund. Additionally, our review of the many pleadings filed in this case by Wokas and Calcutt, of which we took judicial notice, supports the show cause order.
We have thoroughly reviewed our record in this case which, as previously indicated, consists of admissible portions of this Court's records of which we take judicial notice and the testimony at the hearing in this Court. MRE 201; MRE 801 et seq. Although it was within our discretion to remand this matter to the trial court to take additional evidence on the issue of contempt, MCR 7.216(A) (5), we believe that the parties have been given a sufficient opportunity to present their positions in this Court and that the record is sufficient to resolve the issue of contempt. We note that the parties did not make any requests or objections regarding the manner in which we conducted the hearing.
A
Regarding attorney Wokas, we emphasize that our finding of contempt is not based on Wokas' conduct as an attorney who is required to seek the lawful objectives of his client, MRPC 1.2, or who is responsible for safekeeping his client's property, MRPC 1.15. Rather, it is based on his conduct as an officer of the court who wilfully disobeyed a lawful order of this Court which did not require *760 him to violate any duty he may have owed to his client. Thus, this Court's deliberations in this matter have not upset the "delicate balance" between the power of this Court to compel compliance with its orders "and the right of counsel to fulfill ... the obligation of advocacy." In re Contempt of O'Neil, 154 Mich App 245, 247; 397 NW2d 191 (1986), lv den 426 Mich 878 (1986).
As previously stated, it is irrelevant whether Wokas would have had the fund withdrawn from the court if he had not received a call from the clerk inquiring as to when he intended to withdraw it. Wokas admits that he "knew that [MCR 2.614] was out there" and that it "may or may not come in to play." He was not free to remove the fund simply because he believed that "it might not be" a "factor."
Wokas gratuitously avers that he "felt it was incumbent upon us to preserve" the fund until the expiration of the twenty-one-day stay of MCR 2.614. Wokas apparently did not, however, see any reason to preserve the fund in the custody of his co-counsel here in Michigan; according to Wokas, the fund was sent by co-counsel to Wokas in Washington, D.C., immediately after it was withdrawn from the court. Wokas claims he retained the fund in his client trust account in Washington until he disbursed the fund on August 21, 1989, the day before the emergency conference with the trial court on Hinkle's motion. These facts were concealed from Hinkle and the trial court.
According to Wokas, when Calcutt appeared at Wokas' office in Washington on August 21, 1989, Wokas gave Calcutt "his portion" of the fund, but not before he, Wokas, withheld his own portion as "an attorney fee for the work that I had done as well as for the appeal which we knew was pending." Wokas was quick to add that his "portion" *761 was not a contingent fee, that he spent it, and that it is no longer available. These facts were concealed from this Court until the contempt hearing in this Court on February 2, 1990.
We find that Wokas, with notice of the motions pending in the trial court, received a portion of the fund which was the subject matter of the pending motions, that Wokas, in an attempt to avoid returning the fund, deliberately concealed from this Court and the trial court his receipt of a portion of the fund and made it appear that the entire fund had been disbursed to Calcutt and had been "spent," and, ultimately, that Wokas disobeyed this Court's order by failing to return the portion of the fund that he received. We conclude that Wokas is in contempt of this Court. MCL 600.1701(c), (e) and (g); MSA 27A.1701(c), (e) and (g).
We reject Wokas' arguments against being held in contempt.
This Court's order to return the fund was not an order for the payment of a debt on which Hinkle could obtain execution. Cf. MCL 600.1701(e); MSA 27A.1701(e); Carnahan v Carnahan, 143 Mich 390, 396-397; 107 NW 73 (1906). Even assuming that Wokas was correct when he argued that "[u]nder MRPC 1.15(b) [he] was obliged to deliver the funds to [Calcutt]," we do not believe Wokas was also obliged to take a portion of the fund for himself and spend it before a court could enter an order to prevent him. We also note that a lawyer may properly accede to the reasonable requests of opposing counsel which do not prejudice the rights of his client. MRPC 1.2.
Since Wokas had notice of the pending motions and the possibility, at least, that MCR 2.614 was violated, he was on notice that the status quo might ultimately be ordered restored by the trial *762 court or this Court. See MCR 2.614, 7.209 and 7.216; MCL 600.310; MSA 27A.310; see also Porter v Lee, 328 US 246; 66 S Ct 1096; 90 L Ed 1199 (1946); Garcia v Lawn, 805 F2d 1400 (CA 9, 1986). Contrary to Wokas' statements in this Court, the pending motions should have put Wokas and Calcutt on notice against spending the fund until the motions were finally resolved. While the motions were pending, Wokas failed to accurately and completely disclose the status of the fund as it evolved in a series of maneuvers which Wokas orchestrated. In fact, prior to August 21, 1989, representations that the fund was disbursed to Calcutt were false. This deceptive conduct virtually prevented Hinkle from pursuing potentially more effective avenues of compelling the return of the fund. Such deception was not an acceptable means for Wokas to advance his own or his client's interests. Cf. Glover v Malloska, 242 Mich 34, 36; 217 NW 896 (1928) (it is contempt to employ a subterfuge to evade the decree of the court).
Since Wokas is an attorney, we are required to send a copy of our decision and order in this case to our Supreme Court and our state bar. MCL 600.913; MSA 27A.913. For the record, we believe Wokas' conduct in this matter was prejudicial to the proper administration of justice and in violation of his duty of candor toward the courts of this state, all reflecting adversely on his fitness as a lawyer. MCR 9.103, 9.104; MRPC 1.2, 3.3 and 8.4. It is also disturbing that Wokas, by concealing his own profit, deflected much of his "portion" of the blame onto Calcutt. And now after finally admitting that he received a portion of the fund, Wokas claims that it represents a "fee" for services rendered to Calcutt and is not subject to forfeiture. The unspoken yet clear import of Wokas' defense is that Wokas believes that Calcutt, not Wokas, is *763 liable for the portion Wokas extracted as a fee before disbursing the remainder to Calcutt. Thus, it appears that Wokas is still acting adversely to his client's best interest in order to shield himself from blame. Accordingly, Wokas appears to have violated MRPC 1.7(b) which generally prohibits representation of a client "if the representation of that client may be materially limited ... by the lawyer's own interests."
B
Regarding Calcutt, we incorporate here by reference all of our previous findings. The primary argument advanced on Calcutt's behalf is that there was no rule or order preventing him from disposing of the entire fund of $180,000, which he claims he did, during the three-month period between the end of the twenty-one-day automatic stay of MCR 2.614 and the day this court's order was entered. We reject those arguments for the reasons set forth in our consideration of Wokas' contempt.
We note that Wokas represented to this Court that, when he gave Calcutt his portion of the fund, he advised Calcutt that a meeting was scheduled with the trial court on Hinkle's motions and that he further advised Calcutt "what might happen as a result of that meeting." We assume that Wokas advised Calcutt that the court might order him to return the fund. We hope that Wokas did not advise Calcutt to spend the fund as fast as he could before the trial court could order its return, although it appears that is how Calcutt interpreted Wokas' advice. We believe, as previously indicated, that Calcutt spent the fund at his peril and was obliged to obey this Court's order to return it. For his failure to do so, we conclude that *764 Calcutt is in contempt of this Court. MCL 600.1701(e) and (g); MSA 27A.1701(e) and (g).
V
On the basis of our conclusion that Wokas and Calcutt are in contempt of this Court for failing to obey this Court's order, MCL 600.1701(c), (e) and (g); MSA 27A.1701(c), (e) and (g), we order:
(1) Wokas and Calcutt are fined $250 each, which they are to pay immediately to the clerk of Wayne Circuit Court, MCL 600.1715(1); MSA 27A.1715; and,
(2) Wokas and Calcutt, together, are to reimburse Hinkle for costs, expenses and reasonable attorney fees incurred in prosecuting this contempt action, including those incurred on remand where a determination will be made as to the total amount, MCL 600.1721; MSA 27A.1721; and,
(3) Wokas and Calcutt, individually, are to appear in the trial court for a hearing to determine the portion of the fund each received, and the ability of each to return the portion of the fund each received; MCR 7.216(A)(5), (7) and (9); and,
(4) Hinkle is responsible for scheduling at the trial court's earliest convenience a hearing at which the trial court will receive evidence on the issues in parts (2) and (3) of this order; Wokas and Calcutt are to appear at that hearing; the trial court is instructed to enter findings of fact in its record for this Court's review, MCR 7.216(A)(5), (7) and (9); and,
(5) Within 7 days after entry of the trial court's findings, and in accordance with those findings, Wokas and Calcutt are to deposit with the clerk of Wayne Circuit Court the amount each received from the fund, or post a bond in that amount, and are to reimburse Hinkle, id.; MCL 600.1721; MSA 27A.1721; and,
(6) Wokas is to be arrested and held in Wayne *765 County jail upon his failure to obey any of these orders, and he is to be held in jail until he complies with these orders or shows that he is unable to comply with these orders, at which time he is to be released, MCL 600.1715; MSA 27A.1715; and
(7) Calcutt is to be arrested and held in Wayne County jail upon his failure to obey any of these orders, and he is to be held in jail until he complies with these orders or shows that he is unable to comply with these orders, at which time he is to be released, MCL 600.1715; MSA 27A.1715.
These orders are final. This case is remanded to the trial court for proceedings consistent with this opinion. We retain jurisdiction.