PEOPLE v JONES

Docket No. 133064. Submitted April 20, 1992, at Grand Rapids.
Decided May 13, 1992, approved for publication July 10, 1992,
at 9:05 A.M.

Tywayne D. Jones was convicted by a jury in the Muskegon
Circuit Court, Michael E. Kobza, J., of receiving and concealing
stolen property with a value exceeding $100 and larceny with
safe damage. He then pleaded guilty of being a third-felony
offender, and was sentenced. He appealed, alleging that he was
denied a preliminary examination, that the court erred in
denying his request to waive his right to a jury trial, and that
there was insufficient evidence to submit to the jury the lesser
offense of receiving and concealing stolen property.

The Court of Appeals *held:*

1. The defendant waived his right to a preliminary examina-
tion under MCL 767.42(1); MSA 28.982(1). In addition, the
defendant, in earlier proceedings dismissed without prejudice at
the prosecutor's request, had a preliminary examination with
regard to the charged offenses.

2. The trial court did not abuse its discretion in denying the
defendant's request to waive his right to a trial by jury or in
failing to state why the request was denied. The defendant did
not sign a written request as required by MCL 763.3(1); MSA
28.856(1), and the statute does not require the court or the
prosecutor to state reasons for approving or denying the re-
quest.

3. There is no basis for appellate review of the defendant's
contention that there was insufficient evidence to submit to the
jury the lesser offense of receiving and concealing stolen prop-
erty with a value exceeding $100, because the defendant raised
the issue for the first time on appeal and there is no evidence
indicating that failure to review the issue would deprive the
defendant of a fair trial or result in manifest injustice.

Affirmed.

REFERENCES

Am Jur 2d, Criminal Law § 677.
See the Index to Annotations under Criminal Law; Jury and Jury
Trial.

TRIAL — PRETRIAL PROCEDURE — WAIVER OF RIGHT TO JURY TRIAL — STATEMENT OF REASONS.

A trial court is not required to state its reasons for approving or denying a defendant's request to waive the right to a trial by jury and to be tried before the court without a jury; the court or the prosecutor may refuse the request for any reason or for no reason at all (MCL 763.3[1]; MSA 28.856[1]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Tony Tague,* Prosecuting Attorney, and *Kevin A. Lynch,* Senior Assistant Prosecuting Attorney, for the people.

*Balgooyen Law Offices, P.C.* (by *Gerald W. Gibbs*), for the defendant on appeal.

Before: HOOD, P.J., and SHEPHERD and K. N. SANBORN,* JJ.

PER CURIAM. Defendant appeals as of right his jury conviction of receiving and concealing stolen property with a value exceeding $100, MCL 750.535; MSA 28.803, and larceny with safe damage, MCL 750.531; MSA 28.799. Defendant was sentenced, after pleading guilty as a third-felony offender, to concurrent terms of imprisonment of five to ten years and five to twenty years, respectively. We affirm.

Defendant first argues that the trial court did not have jurisdiction to try the case because he had been denied a preliminary examination. In Michigan, the right to a preliminary examination is solely a creation of the Legislature and is not a procedure that is based on the constitution. *People v Johnson,* 427 Mich 98, 103; 398 NW2d 219 (1986) (opinion of BOYLE, J.); *People v Hall,* 435 Mich 599, 603; 460 NW2d 520 (1990). The right to a prelimi-

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

nary examination derives from MCL 767.42(1); MSA 28.982(1), which states in part:

> An information shall not be filed against any person for a felony unless such person has had a preliminary examination therefor, as provided by law, before an examining magistrate, unless that person waives his statutory right to an examination.

In this case, after defendant was charged with breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305, and larceny with safe damage, a preliminary examination was held and defendant was bound over on those charges to circuit court for a trial set for September 12, 1989. On the day of the trial, the trial court granted the prosecution's motion for an order of nolle prosequi and dismissed the case without prejudice because a key prosecution witness could not be located. On the same day, a new complaint and warrant were issued with regard to the same charges, and shortly thereafter a second preliminary examination was scheduled. Because defendant failed to appear for the scheduled preliminary examination, it was rescheduled for March 12, 1990. On that date, defendant moved to quash the information unless the prosecution could produce new evidence showing probable cause to bind him over to circuit court. Because it was undisputed that the evidence to be offered was the same as before, the district judge decided that there was no reason to hold another preliminary examination, and defendant was once again bound over for trial on the same charges.

We find that defendant waived his statutory right to a preliminary examination. Defendant does not dispute the fact that probable cause that

he committed the crimes with which he was charged was determined at the first preliminary examination. Upon entry of the order of nolle prosequi, the prosecution obtained a new complaint and warrant and proceeded to a preliminary examination with regard to the reissued case, pursuant to MCL 767.29; MSA 28.969. *People v Ostafin,* 112 Mich App 712, 715-716; 317 NW2d 235 (1982). At the scheduled preliminary examination, defendant did not dispute the fact that the evidence presented at the first preliminary examination was sufficient to determine probable cause to bind him over. Moreover, at no time before, during, or even after trial until this appeal, did defendant object to the failure to provide a preliminary examination. See *People v Alexander,* 72 Mich App 91, 98; 249 NW2d 307 (1976). Accordingly, we find that defendant waived his right to a preliminary examination under MCL 767.42(1); MSA 28.982(1). Furthermore, the statute gives the defendant the right to a preliminary examination for the felony with which he was charged. That is precisely what defendant had.

Defendant also argues that the trial court abused its discretion in denying him a bench trial. We disagree. MCL 763.3(1); MSA 28.856(1) provides in part:

> In all criminal cases arising in the courts of this state the defendant may, with the consent of the prosecutor and approval by the court, waive a determination of the facts by a jury and elect to be tried before the court without a jury. Except in cases of minor offenses, the waiver and election by a defendant shall be in writing signed by the defendant and filed in the case and made a part of the record.

While the record reveals that defendant indicated to the trial court that he wanted to waive his right to trial by jury before the trial began, he did not

sign a written request as required under the statute. Notwithstanding, defendant claims that the trial court's failure to state any substantive grounds for the refusal to conduct a bench trial constituted an abuse of discretion. The trial court refused defendant's request on the ground that sixty-five citizens had already been called for jury service and the county had to pay for them. If the rule were that the court had to give sound reasons, then we would agree with defendant that the reason given by the trial court would have been invalid. The jurors could have been sent home and the county would not have suffered a greater financial burden than it did when the case proceeded to a full jury trial. However, we note that the plain language of the statute does not require the court to state reasons for approving or denying the request. *People v Hawkins*, 181 Mich App 393, 396; 448 NW2d 858 (1989). Thus, the trial court or the prosecutor could refuse the request for no reason at all or for any reason.

Defendant finally contends that there was insufficient evidence to submit to the jury the lesser offense of receiving and concealing stolen property valued over $100, MCL 750.535; MSA 28.803, because the testimony of the property owner did not establish the open and fair market value of the stolen items. We find there is no basis for appellate review because defendant raised the issue for the first time on appeal, and there is no evidence indicating that failure to review would deprive him of a fair trial or would result in manifest injustice. *Napier v Jacobs*, 429 Mich 222, 233, 235; 414 NW2d 862 (1987). We note that the victim testified that a videocassette recorder valued at between $110 and $150 and a coin collection worth at least $500 were taken, along with several long guns, a small safe, and a stamp collection.

Affirmed.