HINKLE v WAYNE COUNTY CLERK

Docket No. 215641. Submitted April 10, 2001, at Detroit. Decided April 20, 2001, at 9:15 A.M. Leave to appeal sought.

Gary Hinkle, as executor of the estate of Marilyn J. Hinkle-Calcutt, brought an action in the Wayne Circuit court against the Wayne County Clerk, Wayne County, and the Wayne County Commission, alleging that the county clerk had improperly disbursed money deposited with the Wayne Circuit Court under the following circumstances. The hospital expenses incurred by Marilyn J. Hinkle-Calcutt before her death were paid by two health insurers under policies that were not coordinated, resulting in an overpayment to the hospital. The overpayment became the subject of an interpleader action in the Wayne Circuit Court involving competing claims by Billy Calcutt (the decedent's surviving husband) and Gary Hinkle to the amount of overpayment, which had been deposited with the court pending the resolution of the competing claims. Calcutt, represented by attorney Randall Wokas, successfully moved for summary disposition and was awarded the entire amount in dispute. Before the expiration of the automatic twenty-one-day stay of execution on a judgment under MCR 2.614(A)(1) and while Hinkle's claim of appeal was pending, Wokas caused the county clerk's office to disburse the deposited money to his client trust account, from which he later made disbursements to himself for his fees and to Calcutt. Hinkle moved for a stay of proceedings pending appeal and for an order directing Calcutt and Wokas to return the money received from the county clerk. The trial court denied the motion. On Hinkle's motion for immediate review, the Court of Appeals ordered a stay of trial court proceedings pending the appeal and ordered Calcutt and Wokas to return the money received from the county clerk. On Hinkle's petition, the Court of Appeals, WAHLS, P.J., and GRIBBS and SULLIVAN, JJ., found Calcutt and Wokas in contempt of court for failing to comply with the order that they return the money received. The Court of Appeals also held that Calcutt and Wokas had violated MCR 2.614(A)(1). *In re Contempt of Calcutt*, 184 Mich App 749 (1990). The Court of Appeals, WAHLS, P.J., and WEAVER and CORRIGAN, JJ., in an unpublished opinion per curiam, issued August 9, 1993 (Docket No. 119430), eventually held that Calcutt and the estate were each enti-

tled to half the amount in dispute. Unable to obtain recoveries from Calcutt and Wokas, Hinkle, as executor of the decedent's estate, brought this action. The Wayne County defendants filed a third-party action against Wokas and Calcutt, seeking to be indemnified should they be found to be liable. The court, Kaye Tertzag, J., granted summary disposition for Hinkle. Hinkle and the Wayne County defendants reached a monetary settlement. Over Wokas' objection, the court granted Hinkle's motion to amend the judgment to reflect the settlement and the dismissal of his motion for mediation sanctions against the Wayne County defendants. The Wayne County defendants, in their third-party action, obtained a default judgment against Calcutt. On cross-motions for summary disposition, the court granted Wokas' motion and denied the Wayne County defendants' motion. The Wayne County defendants appealed, and Wokas cross appealed the trial court's grant of summary disposition for Hinkle.

The Court of Appeals *held*:

1. The trial court did not err in granting summary disposition for Hinkle with respect to his action against the Wayne County defendants pursuant to MCL 600.1465, which provides that a county board of supervisors may appropriate funds as are required to make restitution to the lawful owner of money deposited with or paid to a county court by virtue of a judgment, decree, or order of a court of record in the state when the money has become unavailable for payment.

2. The trial court erred in denying the Wayne County defendants' motion for summary disposition with respect to their claim against Wokas. MCL 600.1465(3) provides a county a right of action against the person responsible for the unavailability of funds deposited with a county court. The Wayne County defendants' statutory right of action against Wokas is unaffected by the county clerk's mistaken disbursement of the deposited money. A payment made under a mistake of fact by the payor may be recovered provided that the payment has not caused such a change in the position of the payee that it would be unjust to require the refund. It would not be unjust to order Wokas to return money mistakenly paid by the county clerk, given that Wokas was aware of the automatic stay of execution on a judgment under MCR 2.614 and of Hinkle's appeal from the trial court's award of the entire disputed amount to Calcutt.

Reversed and remanded for entry of summary disposition for the Wayne County defendants in their third-party claim against Wokas.

1. COUNTIES — FUNDS DEPOSITED WITH COURTS — RESTITUTION.

A county whose clerk, by mistake, has disbursed funds deposited with a county court to a person who is not the lawful owner of the funds may, through its board of supervisors, appropriate such sums of money as are required to make restitution to the lawful owner of the funds and exercise a statutory right of action against the person responsible for the funds being unavailable for payment (MCL 600.1465).

2. ACTIONS — RESTITUTION — PAYMENTS MADE UNDER MISTAKES OF FACT.

A payment made under a mistake of fact by the payor may be recovered provided that the payment has not caused such a change in the position of the payee that it would be unjust to require the refund.

*Edward Ewell, Jr.*, Wayne County Corporation Counsel, and *W. Steven Pearson*, Assistant Corporation Counsel, for Wayne County Clerk and others.

*Randall M. Wokas*, in propria persona.

Before: HOLBROOK, JR., P.J., and HOOD and NEFF, JJ.

PER CURIAM. Third-party plaintiffs appeal as of right from the trial court's order granting summary disposition in favor of third-party defendant Randall Wokas.[1] We reverse and remand.

Marilyn Hinkle married Billy Calcutt on June 6, 1985, in Kentucky. She was hospitalized in September 1985, and died on January 22, 1986. The decedent was covered by two policies of insurance that were not coordinated. Both insurance companies paid the claim for hospital and medical expenses, resulting in an overpayment to the hospital of $115,329.32. Calcutt filed suit to compel the transfer of the overpayment to him. Gary Hinkle, the decedent's son and executor

---

[1] A default judgment was entered against third-party defendant Billy Calcutt, and he is not a party to this appeal. We will refer to Wokas as third-party defendant in this opinion.

of her estate, was permitted to intervene in the lawsuit. Calcutt's motion for summary disposition was granted. On July 26, 1989, five days after summary disposition was entered in favor of Calcutt, Hinkle filed a claim of appeal with notice to Calcutt and his attorney, third-party defendant Randall Wokas. *In re Contempt of Calcutt*, 184 Mich App 749, 752; 458 NW2d 919 (1990). On July 31, 1989, ten days after the entry of summary disposition, third-party defendant had the fund of insurance proceeds withdrawn from the court on behalf of Calcutt. Hinkle was not given any notice of the withdrawal. On August 4, 1989, Hinkle filed a motion for stay of proceedings in the trial court that requested that the fund remain intact in the court's custody with an additional sum as bond on appeal. On August 11, 1989, the court was advised that Calcutt had already withdrawn the fund. Therefore, on August 16, 1989, Hinkle amended his motion to allege that the fund had been withdrawn contrary to MCR 2.614(A), the rule providing for an automatic stay of proceedings after entry of a judgment, and requested an order for return of the fund. *Id.*

The trial court adjourned the hearing on Hinkle's motion that was scheduled for August 18, 1989. Hinkle obtained an emergency hearing on August 22, 1989, but the court was not ready for a hearing. On September 15, 1989, a hearing was held, but the court took the motion under advisement until October 18, 1989. The court denied the motion despite its finding that the judgment was executed before the twenty-one-day period of MCR 2.614(A). However, the court concluded that the issue was moot because it denied Hinkle's motion for a stay. Hinkle sought and obtained immediate review from the Court of

Appeals. On November 27, 1989, this Court granted Hinkle's motion for a stay and ordered the return of the fund. *In re Calcutt, supra* at 753.

On December 6, 1989, Hinkle filed a petition with the Court of Appeals to hold third-party defendant and Calcutt in contempt because third-party defendant indicated that they would not comply. In a response on his own behalf, third-party defendant claimed that he did not have possession, custody, or control of the funds. *Id.* This Court ordered third-party defendant and Calcutt to appear on February 2, 1990, and explain why they should not be held in contempt. In a written response, it was represented that Calcutt had spent the entire fund and MCR 2.614 was not violated because there was no order restraining the money. Since Calcutt had spent the entire fund, there could be no contempt for failing to obey this Court's order. Third-party defendant claimed that he followed his ethical obligation to deliver the fund to his client, Calcutt, but acknowledged that he received reasonable hourly attorney fees from the fund. *In re Calcutt, supra* at 754.

At the hearing, third-party defendant explained his actions. For the first time, third-party defendant advised this Court that he disbursed the fund from his client trust account to *himself* and Calcutt on August 21, 1989, the day before the emergency conference in the trial court regarding Hinkle's motion. In his written pleadings, third-party defendant had represented that the fund was disbursed to Calcutt and that he disposed of the money. *Id.* This Court examined MCR 2.614(A) and concluded:

> Wokas [third-party defendant] and Calcutt violated MCR 2.614(A) when they recovered the fund from the clerk dur-

ing the twenty-one day automatic stay. It is entirely irrele-
vant that, accepting Wokas' claim, Wokas would not have
removed the fund if the trial court's clerk had not called
Wokas and inquired about removing the fund. Wokas was
aware of the court rule and should have obeyed it.

. . . It appears that only Wokas' improper removal of the
fund on behalf of Calcutt prevented Hinkle from perpetuat-
ing the stay. [*In re Calcutt, supra* at 755-756 (citations
omitted).]

This Court held third-party defendant in contempt
"based on his conduct as an officer of the court who
wilfully disobeyed a lawful order of this Court which
did not require him to violate any duty he may have
owed to his client." *Id.* at 759-760. This Court rejected
third-party defendant's arguments against being held
in contempt. The Court reiterated that it was irrele-
vant that the clerk of the court may have called
inquiring when third-party defendant intended on
withdrawing the money. Third-party defendant had
admitted that he knew MCR 2.614 "was out there" and
that it may or may not come into play. *In re Calcutt,
supra* at 760. This Court held:

We find that Wokas [third-party defendant], with notice of
the motions pending in the trial court, received a portion of
the fund which was the subject matter of the pending
motions, that Wokas, in an attempt to avoid returning the
fund, deliberately concealed from this Court and the trial
court his receipt of a portion of the fund and made it
appear that the entire fund had been disbursed to Calcutt
and had been "spent," and, ultimately, that Wokas dis-
obeyed this court's order by failing to return the portion of
the fund that he received. We conclude that Wokas is in
contempt of this Court. MCL 600.1701(c), (e), and (g); MSA
27A.1701(c), (e), and (g).

\*          \*          \*

> . . . Contrary to Wokas' statements in this Court, the pending motions should have put Wokas and Calcutt on notice against spending the fund until the motions were finally resolved. While the motions were pending, Wokas failed to accurately and completely disclose the status of the fund as it evolved in a series of maneuvers which Wokas orchestrated. In fact, prior to August 21, 1989, representations that the fund was disbursed to Calcutt were false. This deceptive conduct virtually prevented Hinkle from pursuing potentially more effective avenues of compelling the return of the fund. Such deception was not an acceptable means for Wokas to advance his own or his client's interests. [*In re Calcutt, supra* at 761-762.]

This Court fined third-party defendant and Calcutt $250 each, ordered that they reimburse Hinkle for costs and attorney fees, ordered them to appear in the trial court for a determination of the amount each of them received from the fund and of the ability of each to return to the fund the amount received. Finally, this Court ordered that each man would be arrested and held in the Wayne County jail upon the failure to obey any of the orders. *Id.* at 764-765.

This Court reached the merits of the appeal addressing summary disposition in favor of Calcutt and determined that the trial court erred in granting Calcutt full ownership of the fund and that Hinkle, as representative of the estate, was entitled to one-half of the fund.[2] Unable to recover the monies taken from the fund, Hinkle filed suit, alleging breach of contract and fiduciary duties and restitution against Wayne County for release of the fund. Hinkle filed a supplemental motion for summary disposition alleging that the clerk's office improperly released the funds during

---

[2] *Calcutt v Harper Grace Hosp,* unpublished opinion per curiam of the Court of Appeals, issued August 9, 1993 (Docket No. 119430).

the stay period in such a manner that Hinkle was unable to recover the money to which he was entitled.

In response, third-party plaintiffs filed a complaint against third-party defendant and Calcutt. Third-party plaintiffs alleged that the release of the fund occurred because of improper action by third-party defendant in obtaining the fund before the twenty-one-day period and disbursing it. If judgment was recovered against third-party plaintiffs, it was requested that third-party defendant and Calcutt be held accountable through the principles of indemnification, contribution, setoff liability, and common-law principles of equity. The trial court granted Hinkle's motion for summary disposition.

Third-party plaintiffs filed a claim of appeal, but determined that it would be in their best interests to enter into a settlement agreement because they were facing a judgment in excess of $100,000. Accordingly, Hinkle moved to amend the judgment to reflect a settlement agreement and dismiss his motion for a determination of the amount of mediation sanctions. Third-party defendant filed an opposition to Hinkle's motion, but the trial court granted the motion.

Third-party defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(7). The motion alleged that third-party plaintiffs were barred from recovery based on their active fault and common-law and implied indemnification were not available to a party who had committed active fault. Furthermore, third-party defendant argued that he was not liable to third-party plaintiffs because the voluntary disbursement of the fund by the clerk was proper and did not violate MCR 2.614(A)(1). Third-party plaintiffs filed an opposition to the motion and requested summary dis-

position pursuant to MCR 2.116(I)(2). The trial court, after learning that third-party plaintiffs had obtained a default judgment against Calcutt, sua sponte limited the damages recoverable against third-party defendant to $23,500. Third-party defendant moved for reconsideration, and the trial court granted the motion by allowing summary disposition in favor of third-party defendant. Third-party plaintiffs filed a claim of appeal, alleging that the trial court erred in failing to grant their motion for summary disposition. Third-party defendant also filed a cross appeal, alleging that the trial court improperly granted summary disposition in favor of Hinkle.

Third-party defendant argues that the trial court erred in granting summary disposition in favor of Hinkle. We disagree. Appellate review of a trial court's decision regarding a motion for summary disposition is de novo. *Carnaghi, Inc v Amwest Surety Ins Co*, 241 Mich App 686, 690; 617 NW2d 49 (2000). The trial court granted Hinkle's motion for summary disposition pursuant to MCL 600.1465, which provides in relevant part:

> (1) Whenever any funds shall be deposited with or paid to, or which heretofore have been deposited with or paid to any court, county officer, or the clerk or employee of such court or county officer by virtue of a judgment, decree or order of any court of record or division thereof in this state, or pursuant to any statute of this state, and for any reason such funds shall have become unavailable for payment, the board of supervisors of the county concerned may appropriate such sums of money as are required to make restitution to the lawful owner of such funds.

Issues of statutory construction present questions of law and also receive review de novo. *Oakland Co Bd*

*of Co Rd Comm'rs v Michigan Property & Casualty Guaranty Ass'n,* 456 Mich 590, 610; 575 NW2d 751 (1998). The primary goal of statutory interpretation is to give effect to the intent of the Legislature. *In re MCI Telecommunications Complaint,* 460 Mich 396, 411; 596 NW2d 164 (1999). This determination is accomplished by reviewing the plain language of the statute itself. *Id.* If the statutory language is unambiguous, it is presumed that the Legislature intended the clearly expressed meaning, and judicial construction is neither required nor permitted. *DiBenedetto v West Shore Hosp,* 461 Mich 394, 402; 605 NW2d 300 (2000). If the statutory language is ambiguous, only then may we look outside the statute to ascertain the Legislature's intent. *Id.*

In the present case, this Court concluded that half the disputed insurance monies paid did not properly belong to Calcutt, but to Hinkle as representative of the estate of the decedent. The trial court had granted summary disposition in the full amount of the fund to Calcutt. Third-party defendant, as attorney for Calcutt, withdrew the funds before the twenty-one-day period of MCR 2.614 by sending a messenger to pick up the fund. Third-party defendant was aware of the fact that a claim of appeal had been filed and was aware of the fact that Hinkle requested that the funds remain in the care of the clerk pending appeal. Third-party defendant misrepresented in pleadings to this Court that he did not have any portion of the disputed fund, but then admitted at a contempt hearing before this Court that he had been paid reasonable attorney fees from the fund. Additionally, third-party defendant disbursed the money to Calcutt the day before an emergency hearing in the trial court to

address preservation of the fund. *In re Calcutt, supra*. This factual summary satisfies the plain language of the statute. That is, funds were deposited with the clerk, funds were unavailable for payment, and sums of money were necessary to make restitution to Hinkle. Accordingly, the trial court did not err in granting summary disposition in favor of Hinkle.

Third-party plaintiffs argue that the trial court erred in denying their motion for summary disposition when third-party defendant caused the judgment owed to Hinkle. We agree. Review of the remainder of MCL 600.1465 reveals that it provides a right of action and recovery for third-party plaintiffs against third-party defendant. It provides:

> (2) Claims for moneys by the lawful owner shall be audited as provided by law; and no claim shall be allowed unless filed within 6 years from the date when the right to payment or repayment of such funds arose.[3]
>
> (3) Upon payment by the county it shall have a right of action for the recovery of such money paid, against the person or persons responsible for such funds being unavailable for payment.

Pursuant to MCL 600.1465(3), third-party plaintiffs then have a right of action for recovery against the persons responsible for the funds being unavailable. In the factual findings set forth in *In re Calcutt, supra*, this Court held that, irrespective of the actions of the clerk in releasing the funds to third-party defendant, he was the responsible party for the unavailability of the funds. That is, third-party defendant sent a messenger to pick up the funds and did

---

[3] On appeal, the parties do not allege that there is an issue regarding the timing involved.

not hold the funds with local counsel. Rather, the funds were transferred to Washington, D.C., where third-party defendant was located. Third-party defendant knew that Hinkle had filed a claim of appeal and had sought to preserve the fund with additional monies in order to act as a bond on appeal. He admitted to this Court that he knew that MCR 2.614 was "out there." Despite the notice of the pending claim to have the fund remain with the clerk, third-party defendant released the funds to his client, Calcutt, the day before an emergency hearing and kept $23,500 for himself. Both third-party defendant and Calcutt then asserted that the money could not be paid back because it had been spent. The record and this Court's findings indicate that third-party defendant is the party responsible for making the funds unavailable. By statute, "a right of action for recovery" is available against the responsible person. There are no additional qualifications placed on recovery. Additionally, case law provides that a payment, although voluntarily made under a mistake of material fact, may be recovered even if the mistake was due to a lack of investigation. *Couper v Metropolitan Life Ins Co*, 250 Mich 540, 544; 230 NW 929 (1930).

In *Madden v Employers Ins of Wausau*, 168 Mich App 33, 35; 424 NW2d 21 (1988), the plaintiff was injured in a one-car accident as a passenger in a vehicle he did not own. The plaintiff applied for personal protection benefits with the defendant, the driver's insurance company. The plaintiff represented that there were no family members residing in his household who owned an automobile. The defendant requested, and the plaintiff provided, an affidavit to that effect. The defendant made payments in excess

of $18,000 to the plaintiff when a dispute arose, and the plaintiff filed suit. During depositions, it was discovered that the plaintiff lived in a household where automobile insurance was available through Lake States. The defendant filed a third-party complaint against Lake States. The plaintiff and the defendant settled their litigation, but preserved the defendant's right to indemnification or contribution. *Id.* at 35-37. The trial court granted Lake States' motion for summary disposition. On appeal, this Court held that the characterization of the cause of action was not dispositive:

> The cause of action brought by Wausau [the defendant] against Lake States was for recoupment of money paid by mistake. It should not be characterized as subrogation, nor should it be characterized as indemnity as used in tort law.[4] It is indemnity in the sense of seeking a return of money paid by mistake. It is clear in our law that payments of money, although voluntarily made, if made under a mistake of a material fact, may be recovered, even if the mistake is due to a lack of investigation. *Montgomery Ward & Co v Williams*, 330 Mich 275; 47 NW2d 607 (1951). [*Madden, supra* at 40.]

This principle, that mistaken payments are recoverable despite negligence, was reaffirmed in *Wilson v Newman*, 463 Mich 435, 441-442; 617 NW2d 318 (2000). However, the Supreme Court noted that payment is recoverable provided that the payment has not caused such a change in the position of the payee that it would be unjust to require the return of the funds. *Id.* In the present case, the exception does not

---

[4] Accordingly, third-party defendant's allegation that common-law and implied indemnification were not available to third-party plaintiffs is without merit.

apply. That is, it is not unjust to require the return of the fund where third-party defendant was on notice *before* disbursing the fund that Hinkle requested its return pending appeal. Furthermore, third-party defendant had no right to change his position when he knew before disbursement that MCR 2.614 was "out there." Third-party defendant was on notice that Hinkle moved to have the funds returned and had filed an emergency motion. Despite this knowledge, third-party defendant acted and disbursed the fund to Calcutt and retained funds to cover his attorney fees. Pursuant to the case law cited, the trial court erred in denying third-party plaintiffs' motion for summary disposition and erred in limiting the damages to $23,500.[5]

Reversed and remanded for entry of summary disposition in favor of third-party plaintiffs. We do not retain jurisdiction.

---

[5] Third-party defendant also objects to the settlement agreement. Third-party defendant filed pleadings objecting to the settlement in the trial court. Therefore, third-party defendant was given notice, and an opportunity to be heard regarding the settlement. Furthermore, third-party defendant did not object to the amount of the settlement. Third-party plaintiffs agreed to the settlement of $80,000 in order to avoid a possible judgment of over $100,000. Accordingly, the decision to settle was justified and resulted in no prejudice to third-party defendant. *Dep't of Transportation v Christensen*, 229 Mich App 417, 428-430; 581 NW2d 807 (1998).