**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED DECEMBER 10, 2002**

GARY HINKLE, Executor of the Estate
of MARILYN J. HINKLE-CALCUTT,

    Plaintiff,

v                                   No. 119566

WAYNE COUNTY CLERK, COUNTY OF WAYNE,
and WAYNE COUNTY COMMISSION,

    Defendants/Third-Party
    Plaintiffs/Appellees,

v

BILLY CALCUTT,

    Third-Party Defendant,

and

RANDALL WOKAS,

    Third-Party Defendant-
    Appellant.

_____

PER CURIAM

    This appeal arises from postjudgment proceedings in a
dispute over a partial refund owed by a hospital that was

overpaid for the care of plaintiff's decedent, Marilyn J. Hinkle-Calcutt.

We hold that MCR 2.614(A)(1), commonly described as the automatic stay provision, does not apply to voluntary payments in satisfaction of a judgment. Therefore, we reverse the judgment of the Court of Appeals to the extent that it holds to the contrary.

I

While the plaintiff's decedent was a patient at Harper-Grace Hospital, two insurance companies made duplicate payments for her care. Harper-Grace was prepared to issue a refund, but her surviving spouse, Billy J. Calcutt, and the executor of her estate, Gary Hinkle, could not agree on which of them should receive the money.[1] Rather than choose between Calcutt and Hinkle, the hospital deposited the disputed funds with the Wayne County Clerk. Calcutt sued, and Hinkle intervened. In 1989, the trial court granted summary disposition against Hinkle and awarded the funds to Calcutt.[2]

Hinkle appealed to the Court of Appeals. However, he did not attempt to obtain a stay of execution from the trial

---

[1] The coverages were not coordinated, so the refund would not be to the insurers.

[2] The full procedural history of this decade-old dispute is quite complex. For present purposes, we are describing only those portions that are pertinent to today's issue. Neither do we address the merits of the underlying controversy regarding whether the refund should go to Hinkle or Wokas.

court.

After entry of the order of summary disposition, the county clerk asked Calcutt's attorney, Randall Wokas, when he would withdraw the funds. Thereafter, Wokas removed the funds, before the expiration of the twenty-one-day automatic stay under MCR 2.614(A)(1).[3]

The Court of Appeals reversed the trial court's judgment, and ordered that the funds be divided between Hinkle and Calcutt. Hinkle, however, was unable to obtain the estate's share of the funds because the county clerk had previously disbursed them to Wokas.

At that point, Hinkle filed the instant suit against the Wayne County Clerk, Wayne County, and the Wayne County Commission, alleging that the county had improperly disbursed the money.[4] The county defendants filed a third-party complaint against Calcutt and Wokas, contending, in part, that they acquired the funds in violation of MCR 2.614(A)(1). Wokas moved for summary disposition under MCR 2.116(C)(7), arguing that the county defendants' active fault precluded their recovery. The trial court, on reconsideration of an earlier ruling, granted Wokas' motion for summary disposition.

The county defendants appealed and Wokas cross-appealed.

---

[3] Wokas' removal of the funds spawned contempt proceedings detailed in *In re Contempt of Calcutt*, 184 Mich App 749; 458 NW2d 919 (1990).

[4] Hinkle ultimately entered into a settlement agreement with the county defendants.

The Court of Appeals reversed the trial court decision that granted summary disposition to Wokas.[5]

Wokas has applied to this Court for leave to appeal.

## II

A trial court's decision to grant or deny a motion for summary disposition is a question of law that we review de novo. *Veenstra v Washtenaw Country Club*, 466 Mich 155, 159; 645 NW2d 643 (2002). The interpretation of a court rule is likewise a question of law and is reviewed de novo. *CAM Construction v Lake Edgewood Condominium Ass'n*, 465 Mich 549, 553; 640 NW2d 256 (2002).

## III

This Court applies principles of statutory interpretation to the interpretation of court rules. When the language is unambiguous, we must enforce the meaning plainly expressed, and judicial construction is not permitted. *Grievance Administrator v Underwood*, 462 Mich 188, 193-194; 612 NW2d 116 (2000).

## IV

The issue presented is whether the county defendants violated MCR 2.614(A)(1) by voluntarily disbursing the funds during the twenty-one-day automatic stay of execution provided by the court rule. The trial court agreed with Wokas that the county did not wrongfully distribute the funds, but the Court

---

[5] 245 Mich App 405; 631 NW2d 27 (2001).

of Appeals held to the contrary. That Court determined that Wokas' knowledge that a claim of appeal had been filed, and that an informal request had been made to maintain the funds in the clerk's office, rendered Wokas responsible for the unavailability of funds to satisfy the judgment after the appellate decision in Hinkle's favor. The Court of Appeals charged Wokas with notice of MCR 2.614(A)(1), the provision for an automatic stay of execution pending appeal. Thus, the Court found that Wokas was responsible for the funds having been mistakenly paid to Calcutt and Wokas.[6]

The Court of Appeals erred in finding a violation of the automatic twenty-one-day stay provided by MCR 2.614(A)(1). That paragraph precludes *execution* on a judgment, not voluntary payment by a party willing to satisfy a judgment. Nothing in the plain language of the rule restrains a party liable for a judgment and the party entitled to satisfaction of the judgment from expediting the resolution of the litigation by effecting payment without resorting to formal methods of execution. MCR 2.614(A)(1) states:

> Except as provided in this rule, execution may not issue on a judgment and proceedings may not be taken for its enforcement until the expiration of 21 days after its entry. If a motion for new trial, a motion to alter or amend the judgment, a motion for judgment notwithstanding the verdict, or a motion to amend or for additional findings of the court is filed and served within 21 days after entry of the judgment, execution may not issue on

---

[6] The trial court had limited Wokas' liability to $23,500, the amount that he collected as attorney fees.

the judgment and proceedings may not be taken for its enforcement until the expiration of 21 days after the entry of the order on the motion, unless otherwise ordered by the court on motion for good cause. Nothing in this rule prohibits the court from enjoining the transfer or disposition of property during the 21-day period.

The language of the rule expressly limits execution on a judgment, not voluntary payments. Because this case involved a voluntary payment, the rules governing execution were not applicable.[7]

The Court of Appeals reliance on the proceedings in *In re Calcutt* was misplaced. In that case, the Court of Appeals expressly stated that the purported violation of MCR 2.614(A)(1) was not dispositive of the claim that Wokas and Calcutt violated an order of the Court of Appeals. *Id*. at 755. The comments of the Court in *Calcutt* regarding the effect of MCR 2.614(A)(1) were dicta. Neither MCR 2.614(A)(1) nor MCL 600.6001 *et seq*. prohibited voluntary compliance with the trial court's order granting summary disposition in favor of Calcutt. Hinkle failed to obtain an order to preserve the status quo and cannot now complain that the status quo was not maintained.

---

[7] Execution refers to the coercive process for the collection of judgments. Regulations on coercive collection are imposed because direct attachment of a debtor's property is disfavored. *George v Sandor M Gelman, PC*, 201 Mich App 474, 477; 506 NW2d 583 (1993). Chapter 60 of the Revised Judicature Act, MCL 600.6001 *et seq.,* regulates the involuntary payment of judgments.

V

We reverse the judgment of the Court of Appeals insofar as it reversed the order of summary disposition in favor of Wokas. The county clerk's voluntary payment of the judgment was not contrary to MCR 2.614(A)(1). We therefore reinstate the trial court order granting summary disposition for Wokas.

In light of our resolution of this issue, we find it unnecessary to reach the remaining claims.

**Maura D. Corrigan**
**Elizabeth A. Weaver**
**Clifford W. Taylor**
**Robert P. Young, Jr.**
**Stephen J. Markman**

# S T A T E   O F   M I C H I G A N

## SUPREME COURT

GARY HINKLE, executor of the estate
of MARILYN J. HINKLE-CALCUTT,

    Plaintiff,

v                                                      No. 119566

WAYNE COUNTY CLERK, COUNTY OF WAYNE,
and WAYNE COUNTY COMMISSION,

    Defendants/Third-Party
    Plaintiffs/Appellees,

v

BILLY CALCUTT,

    Third-Party Defendant,

and

RANDALL WOKAS,

    Third-Party Defendant-
    Appellant.
_____

KELLY, J. (*dissenting*).

I believe that this case is not appropriate for disposition by per curiam opinion. Whether the Court of Appeals correctly construed MCR 2.614 is a question of some

significance, not only to the parties, but to the bench and the bar in general. Full briefing and oral argument would aid the Court greatly in analyzing and resolving the complex issues presented. Therefore, I would not resolve this matter by per curiam opinion, but would grant leave to appeal.

Marilyn Kelly
Michael F. Cavanagh