# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 24, 2017

Plaintiff-Appellee,

v

No. 329897
Saginaw Circuit Court

DENNIS DURALLE HOSKINS, JR.,

LC No. 13-039387-FC

Defendant-Appellant.

Before: M. J. KELLY, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

Defendant Dennis Hoskins, Jr. appeals by delayed leave granted[1] his guilty-plea based convictions of carrying a concealed weapon (CCW), MCL 750.227, possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and three counts of felonious assault, MCL 750.82. He was sentenced as a fourth-offense habitual offender, MCL 769.12, to serve concurrent terms of imprisonment of 74 months to 15 years for each conviction of felonious assault and CCW, plus a consecutive term of two years for the felony-firearm conviction. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

At a September 2014 plea hearing, the prosecution placed the following plea agreement on the record. First, Hoskins would plead guilty to the charges described above. In exchange for his guilty plea, the prosecution would dismiss three counts of assault with intent to commit murder, MCL 750.83, six counts of felony-firearm, one count of carrying a dangerous weapon with unlawful intent, MCL 750.226, one count of felon-in-possession, MCL 750.227f, and one count of retaliating against a witness, MCL 750.1228. In addition, the prosecutor stated that there was a sentencing agreement for two years on the felony-firearm conviction consecutive to a three year minimum on the remaining convictions. Further, a written plea agreement signed by Hoskins, his lawyer, and the prosecuting attorney stated that Hoskins agreed to testify truthfully in the prosecution's case against two other defendants.

---

[1] *People v Hoskins*, unpublished order of the Court of Appeals, entered December 7, 2015 (Docket No. 329897).

-1-

Hoskins had previously testified at the other defendant's preliminary examination; however, he subsequently refused to testify at their trial.[2]  As a result, the prosecution filed a sentencing memorandum asking the court to disregard the sentencing agreement and sentence Hoskins to "the maximum amount of prison time allowable."  Hoskins's lawyer responded that Hoskins had provided "substantial assistance" in the prosecution's case against the other defendants and that as a result he was "entitled to the benefits he negotiated for."[3]  Alternatively, he argued that if Hoskins was not given the benefit of the sentencing agreement, he should be allowed to withdraw his plea.

At sentencing, the trial court found that Hoskins had failed to comply with the requirements of the plea agreement when he failed to testify against the other defendants at their trial.[4]  The court held that as a result Hoskins was not entitled to the benefit of the sentencing agreement and he was not entitled to withdraw his guilty plea.  The court sentenced Hoskins as indicated above.  This appeal follows.

## II.  SENTENCING

## A.  STANDARD OF REVIEW

Hoskins argues that the trial court erred in sentencing him to more than five years imprisonment because the agreement that he testify truthfully against the other defendants was not placed on the record at the plea hearing and was, therefore, not legitimately part of the plea agreement.  Because Hoskins did not object on this ground, this issue is unpreserved.  See *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007).  Unpreserved claims of error are reviewed for plain error affecting substantial rights.  *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).  To meet this standard, a party must establish "(1) that the error occurred, (2) that the error was 'plain,' (3) that the error affected substantial rights, and (4) that the error either resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial

---

[2] It appears that Hoskins took the stand and invoked his Fifth Amendment privilege against self-incrimination.  Further, he apparently also stated that he pleaded the Fifth Amendment because the prosecution had threatened to charge him with perjury if he took the stand and lied under oath at trial.  It is not clear whether Hoskins invoked the Fifth Amendment in the presence of the jury.  Nevertheless, it is plain that he did not testify as required by the written plea agreement.

[3] Hoskins's lawyer asserted that without Hoskins the prosecution had no case against the other defendants.  He explained that although Hoskins did not testify at trial, his preliminary examination testimony was read into the record.  Thus, the jury in the other case had the benefit of his testimony, but the defendants in the other case were unable to subject Hoskins to a "much more comprehensive cross examination" by their "aggressive new trial counsel."  He further asserted that Hoskins's testimony "put away two Defendants in a murder case."

[4] The trial court based its finding in part on testimony from two law enforcement officers, both of whom testified that they had overheard Hoskins telling the defendants in the other case that he had them "covered."

proceedings." *People v Vaughn*, 491 Mich 642, 654; 821 NW2d 288 (2012). Additionally, we review de novo the interpretation of a court rule. *Wilcoxon v Wayne Co Neighborhood Legal Servs*, 252 Mich App 549, 553; 652 NW2d 851 (2002).

## B. ANALYSIS

At issue in this case is whether MCR 6.302(C) requires the parties to orally place all the terms of a plea agreement on the record in order for the terms to be binding. The parties agree that the written plea agreement contained an additional term—that Hoskins testify in another case—that was not expressly placed on the record during the plea proceedings. "This Court applies principles of statutory interpretation to the interpretation of court rules." *Hinkle v Wayne Co Clerk*, 467 Mich 337, 340; 654 NW2d 315 (2002). "When the language is unambiguous, we must enforce the meaning plainly expressed, and judicial construction is not permitted." *Id*. Every word "should be given meaning and no word should be treated as surplusage or rendered nugatory if at all possible." *Baker v Gen Motors Corp*, 409 Mich 639, 665; 297 NW2d 387 (1980).

Before accepting a guilty plea, the trial court must place the defendant under oath, follow the requirements of MCR 6.302(B)—(E), and ensure that "the plea is understanding, voluntary, and accurate." MCR 6.302(A). Relevant to this appeal, MCR 6.302(C) governs the requirements for a voluntary plea. It provides in relevant part:

> (1) The court must ask the prosecutor and the defendant's lawyer whether they have made a plea agreement. *If they have made a plea agreement, which may include an agreement to a sentence to a specific term or within a specific range, the agreement must be stated on the record or reduced to writing and signed by the parties.* The parties may memorialize their agreement on a form substantially approved by the SCAO. The written agreement shall be made part of the case file.

> (2) If there is a plea agreement, the court must ask the prosecutor or the defendant's lawyer what the terms of the agreement are and confirm the terms of the agreement with the other lawyer and the defendant. [MCR 6.302(C) (emphasis added).]

Thus, under subsection (1) the parties may either place the terms of a plea agreement on the record or may state the terms in a writing signed by the parties. Further, nothing in subsection (2) requires the trial court to ask about each individual term of the plea agreement in order for it to be binding. Instead, it is sufficient for the court to incorporate the terms of a written plea agreement into the record by referencing that agreement while making the required inquiries of the defendant during the plea proceedings.

Here, the parties followed the requirements in subsection (1) by making a written plea agreement that contained all the terms of the plea agreement, including the requirement that Hoskins testify against two defendants in another case. The agreement was signed by Hoskins, his lawyer, and the prosecutor on the same day that Hoskins pleaded guilty.[5]

Moreover, although the requirement that Hoskins testify in the other defendants' case was not individually stated on the record, the written plea agreement was referenced several times. First, the trial court instructed the parties to prepare a written plea agreement and place it in the file before sentencing. There is no dispute that the written plea agreement ordered by the court was, in fact, prepared and that it included a requirement that Hoskins testify. Second, the court asked Hoskins's lawyer and the prosecutor whether they were "aware of any threats, promises or inducement, other than what would appear on the record today *or in the plea agreement*." (Emphasis added). They responded that they were not aware of threats, promises, or inducements outside those that were stated on the record or placed in the plea agreement. Finally, the prosecutor had the following exchange with Hoskins after he was sworn:

> *Q*. And the Court is ordering the parties to prepare a written plea form, and we'll fill that out in a moment here. You're going to acknowledge that, the terms of the plea agreement further in writing, correct.
>
> *A*. Yes.

Accordingly, on this record, it is clear that the terms in the written plea agreement were incorporated into the record at the plea hearing. Because the requirements MCR 6.302(C) were satisfied during the plea hearing, Hoskins was required to testify as part of the plea agreement, and his failure to do so was a violation of the plea agreement.

Furthermore, we note that contrary to Hoskins's arguments during the sentencing hearing, he was not entitled to withdraw his guilty plea once the court stated that it was not going to comply with the sentencing agreement. See MCR 6.310(B)(3) (stating that if a defendant violates the terms of a plea agreement, he may not withdraw his plea in the event that the trial court does not comply with a sentencing agreement within the plea agreement).

---

[5] Based on the record, it is clear that Hoskins was fully aware of the terms in the written plea agreement. His arguments at sentencing reflect that he believed he had complied with the plea agreement by providing preliminary examination testimony, which was read at the other defendants' trial. Further, in response to the prosecutor's sentencing memorandum, he expressly admitted that "As part of the plea agreement . . . the People made a sentence recommendation that in exchange for [Hoskins's] full cooperation, including testifying at any proceeding, hearing or trial, [Hoskins] would serve three (3) years on the non-felony-firearm charges and a consecutive two (2) year sentence on the felony firearm count for a total of five (5) years in prison." Thus, to the extent that Hoskins suggests that he was unaware that his plea was contingent on his testimony in the other case, we find his argument unpersuasive.

The trial court did not err in sentencing Hoskins.

Affirmed.

/s/ Michael J. Kelly
/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien