# Syllabus

Chief Justice:
Bridget M. McCormack

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

## TYLER v FINDLING

Docket No 162016. Decided August 4, 2021.

Plaintiff, B. A. Tyler, brought an action in the Oakland Circuit Court against David M. Findling; the Findling Law Firm, PLC; and Mekel S. Miller, alleging that David Findling had published defamatory statements to attorney Anna Wright by telling her that plaintiff and plaintiff's client (Samir Warda, for whose estate Findling had been appointed as a receiver) might have engaged in inappropriate or illegal activities. Findling made the allegedly defamatory statements to Wright, Warda's attorney in a personal protection insurance (PIP) lawsuit, who recorded the conversation, in a room reserved for the plaintiffs' side at the outset of a court-ordered mediation in the PIP matter. Wright subsequently shared this recording with plaintiff. Findling and his law firm (hereafter "defendants") moved for summary disposition, and plaintiff responded with an affidavit by Wright. Defendants moved to strike Wright's affidavit and to preclude her testimony at trial. On October 31, 2018, the court, Martha D. Anderson, J., granted the motion under MCL 2.412(C), which governs the confidentiality of mediation communications, and on March 8, 2019, the court, Jeffery S. Matis, granted defendants' motion for summary disposition under MCR 2.116(C)(10) and denied plaintiff's motion to file an amended complaint. Judge Matis also granted defendant Miller's separately filed motion for summary disposition. The Court of Appeals, LETICA, P.J., and STEPHENS and O'BRIEN, JJ., in an unpublished per curiam opinion issued June 11, 2020 (Docket Nos. 348231 and 350126), vacated the circuit court's order granting defendants' motion to strike Wright's affidavit and find her testimony inadmissible, reversed the order granting defendants summary disposition, affirmed the order denying plaintiff's motion to amend his complaint, and remanded for further proceedings. Defendants sought leave to appeal in the Supreme Court.

In a unanimous per curiam opinion, in lieu of granting leave to appeal and without hearing oral argument, the Supreme Court *held*:

The Court of Appeals erred by reversing the circuit court because Findling's statements were "mediation communications" under MCR 2.412(B)(2) and were therefore confidential under MCR 2.412(C). MCR 2.412(B)(2) defines "mediation communications" expansively to include statements that occur during the mediation process as well as statements that are made for purposes of preparing for a mediation. The conversation between Findling and Wright took place within the mediator's designated "plaintiff's room" while parties to the mediation were waiting for the

mediation session to start and were thus part of the mediation process for purposes of the court rules. The alleged defamatory statements involving plaintiff were relevant to the mediation of the underlying case because the conversation between Findling and Wright concerned a party's credibility, which could have affected the decision to settle the case or go to trial. The court rule does not require a mediator to meet with the parties and attorneys before the definition of "mediation communications" under MCR 2.412(B)(2) and the mediation confidentiality provision in MCR 2.412(C) both attach. Further, the plain language of the court rule does not limit the expectation of confidentiality to the mediation parties themselves. MCR 2.412(C) provides that mediation communications are generally confidential, neither discoverable nor admissible in a proceeding, and not to be disclosed to anyone but the "mediation participants." These confidentiality protections extend to any statement made for purposes of participating in a mediation, which encompasses statements made by a mediation participant. In this case, Findling, as a court-appointed receiver with settlement authority, was a mediation participant as that term is defined in MCR 2.412(B)(4). Therefore, the Court of Appeals erred by vacating the circuit court's grant of defendants' motion to strike and by reversing and remanding the circuit court's grant of defendants' motion for summary disposition under MCR 2.116(C)(10). Parts II(A)(2) and II(B)(2) of the Court of Appeals opinion were reversed, the circuit court's October 31, 2018 order granting defendants' motion to strike the affidavit and motion in limine to preclude testimony was reinstated, and the circuit court's March 8, 2019 order granting summary disposition to defendants under MCR 2.116(C)(10) was also reinstated in light of the plaintiff's admission that, without Wright's affidavit or testimony, he had no evidence to support the relevant defamation allegations. In all other respects, the application for leave to appeal was denied.

Court of Appeals judgment reversed in part; circuit court orders reinstated; leave to appeal denied in part.

# OPINION

Chief Justice:
Bridget M. McCormack

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

FILED August 4, 2021

S T A T E   O F   M I C H I G A N

SUPREME COURT

B. A. TYLER,

      Plaintiff-Appellee,

v                                No. 162016

DAVID M. FINDLING and THE FINDLING
LAW FIRM, PLC,

      Defendants-Appellants,

and

MEKEL S. MILLER,

      Defendant-Appellee.

BEFORE THE ENTIRE BENCH

PER CURIAM.

This is a defamation case arising from statements made by one attorney to another

before actually meeting with the mediator at the start of a court-ordered mediation. We

conclude that the Court of Appeals erred when it held that a cause of action for defamation existed based on these communications because they were subject to MCR 2.412, the confidentiality rule covering mediation proceedings. We therefore reverse the Court of Appeals judgment in part and reinstate the two relevant circuit court orders in this matter.

## I. BACKGROUND

This case involves several attorneys and their communications regarding lawsuits filed on behalf of Samir Warda. Warda suffered severe injuries in two automobile accidents. As a result of Warda's severe injuries, David Findling of the Findling Law Firm, PLC, was appointed to act as the receiver for Warda's estate. Mekel Miller, an attorney with the Findling Law Firm, acted as counsel for receiver Findling as he accounted for the estate's assets, which included two personal protection insurance (PIP) automobile no-fault cases filed on Warda's behalf. The PIP cases were first handled by Fieger, Fieger, Kenney & Harrington PC (the Fieger Firm), but then were subsequently handled by attorney Anna Wright of Atnip & Associates, PLLC. Plaintiff B. A. Tyler was retained to handle Warda's legal-malpractice action against the Fieger Firm relating to the PIP cases.

According to Miller (as detailed in her deposition in this case), while investigating Warda's suit against the Fieger Firm, she spoke with Fieger Firm attorney Stephanie Arndt. Miller shared with Arndt that Tyler had been hostile toward Findling. Miller could not recall her conversation with Arndt word for word, but she could confirm that she was left with the impression that Warda had engaged in illegal activity. Miller conveyed this information to Findling.

2

Thereafter, court-ordered mediation was held in one of Warda's PIP cases. Findling attended the mediation as the receiver for Warda's estate with authority to settle the case. Upon arriving at the mediator's office, Findling was placed in the "plaintiff's room" with Wright, the attorney for the Warda PIP lawsuit. Wright and Findling had a conversation, which Wright recorded without Findling's permission or knowledge. In that conversation, Wright specifically asked about illegal activities and whether other attorneys were involved. Wright also noted that she needed to find out about Warda's criminal history. During this conversation—and key to the issue now decided by this Court—Findling disclosed to Wright that plaintiff Tyler and Warda may have been associated with inappropriate or illegal activity.

Wright subsequently shared the recording with Tyler. Thereafter, Tyler filed the instant lawsuit against Findling, the Findling Law Firm, and Miller, alleging that Findling had published defamatory statements to Wright by indicating that Tyler was engaged in these activities.[1] To support his claims, Tyler provided an affidavit from Wright. The Findling defendants moved to strike Wright's affidavit and testimony, asserting that the conversation involved communications during mediation that are confidential and inadmissible under MCR 2.412(C). The trial court agreed and granted the motion. Defendants also moved for summary disposition, arguing that, absent Wright's recording, affidavit, and testimony, Tyler could not establish a defamation claim. The trial court again agreed and granted the motion.

---

[1] Miller moved separately for summary disposition, and the trial court granted her motion. Tyler never appealed that order, so Miller is no longer a party to this litigation. For the purpose of this opinion, when we refer to defendants, we are not referring to Miller.

Plaintiff appealed by right. The Court of Appeals vacated the trial court's order granting defendants' motion to strike, reversed the order granting summary disposition to defendants under MCR 2.116(C)(10), and remanded for further proceedings. *Tyler v Findling*, unpublished per curiam opinion of the Court of Appeals, issued June 11, 2020 (Docket Nos. 348231 and 350126), pp 1, 13. In finding that the communication was not subject to the MCR 2.412 confidentiality requirement, the Court first reasoned that the expectation of confidentiality, pursuant to MCR 2.412(C), belongs only to the mediation parties and that Findling, as a receiver, was not a party. *Id*. at 4-5. Second, the Court held that Findling's statements to Wright were not "mediation communications" covered by MCR 2.412(B)(2) since the communication did not occur during the actual mediation process but rather before mediation had begun. *Id*. at 5-6, citing MCR 2.411.[2] Finally, the Court determined that the conversation at issue did not relate to the mediation itself or the process of the mediation. *Id*.

---

[2] The Court of Appeals relied on two provisions in MCR 2.411. MCR 2.411(A)(2) defines "mediation" as "a process in which a neutral third party facilitates communication between parties, assists in identifying issues, and helps explore solutions to promote a mutually acceptable settlement. A mediator has no authoritative decision-making power." MCR 2.411(C)(2) states:

> Conduct of Mediation. The mediator shall meet with counsel and the parties, explain the mediation process, and then proceed with the process. The mediator shall discuss with the parties and counsel, if any, the facts and issues involved. The mediation will continue until a settlement is reached, the mediator determines that a settlement is not likely to be reached, the end of the first mediation session, or until a time agreed to by the parties. Additional sessions may be held as long as it appears that the process may result in settlement of the case.

## II. DISCUSSION

Whether the lower courts properly interpreted MCR 2.412 is a question of law, which we review de novo. *Hinkle v Wayne Co Clerk*, 467 Mich 337, 343; 654 NW2d 315 (2002). We apply principles of statutory interpretation to the interpretation of court rules. *Id*. Therefore, when the language is unambiguous, we will enforce the plain meaning of the rule. *Id*.

MCR 2.412, which is titled "Mediation Communications; Confidentiality and Disclosure," provides:

> (A) Scope. This rule applies to cases that the court refers to mediation as defined and conducted under MCR 2.411 and MCR 3.216.
>
> (B) Definitions.
>
> (1) "Mediator" means an individual who conducts a mediation.
>
> (2) "Mediation communications" include statements whether oral or in a record, verbal or nonverbal, that occur during the mediation process or are made for purposes of retaining a mediator or for considering, initiating, preparing for, conducting, participating in, continuing, adjourning, concluding, or reconvening a mediation.
>
> (3) "Mediation party" means a person who or entity that participates in a mediation and whose agreement is necessary to resolve the dispute.
>
> (4) "Mediation participant" means a mediation party, a nonparty, an attorney for a party, or a mediator who participates in or is present at a mediation.
>
> (5) "Protected individual" is used as defined in the Estates and Protected Individuals Code, MCL 700.1106(x).
>
> (6) "Vulnerable" is used as defined in the Social Welfare Act, MCL 400.11(f).
>
> (C) Confidentiality. Mediation communications are confidential. They are not subject to discovery, are not admissible in a proceeding, and

may not be disclosed to anyone other than mediation participants except as provided in subrule (D).

(D) [setting forth exceptions to confidentiality].

We conclude that the Court of Appeals erred by reversing the trial court. Findling's statements were "mediation communications" under MCR 2.412(B)(2) and were therefore confidential under MCR 2.412(C). The term "mediation communications" is defined expansively to include statements that "occur during the mediation process" as well as statements that "are made for purposes of . . . preparing for . . . a mediation." MCR 2.412(B)(2). The conversation between Findling and Wright took place within the mediator's designated "plaintiff's room" while parties to the mediation were waiting for the mediation session to start and were thus part of the "mediation process."

Even if we were to agree with the Court of Appeals' restrictive reading of MCR 2.411 as to when the "mediation process" begins, there's no dispute that Findling's statements to Wright were made while "preparing for" the mediation session and are therefore expressly encompassed within the definition of "mediation communications." Contrary to plaintiff's insistence that the alleged defamatory statements involving him were irrelevant to the mediation of Warda's PIP case, the conversation between Findling and Wright concerned Warda's credibility, which could have affected the decision to settle the PIP case or go to trial.[3] We reject the Court of Appeals' reading of the court rule as requiring a mediator to meet with the parties and attorneys before the definition of

---

[3] Consequently, we do not need to decide whether statements made before meeting with the mediator must be related to the mediation in order to receive protection under the court rule.

6

"mediation communications" under MCR 2.412(B)(2) and the mediation confidentiality provision set forth in MCR 2.412(C) both attach.

We also reject the Court of Appeals' conclusion that "[t]he expectation of confidentiality belongs to the mediation parties." *Findling*, unpub op at 5. The plain language of the court rule contains no such limitation. Thus, the Court of Appeals erred and its judgment must be reversed. *Hinkle*, 467 Mich at 343. MCR 2.412(C) provides that mediation communications are, generally, (1) confidential, (2) neither discoverable nor admissible in a proceeding, and (3) not to be disclosed to anyone but the "mediation participants."[4] The confidentiality protections cover "[m]ediation communications," MCR 2.412(C), which are not limited to communications made by a "mediation party" but extend to, among other things, any statement "made for purposes of . . . participating in . . . a mediation." MCR 2.412(B)(2). This clearly encompasses statements made by a "mediation participant." Put differently, and contrary to the Court of Appeals' analysis, there is no requirement in MCR 2.412 that a "mediation communication" be uttered by any particular party or participant.[5] Rather, the rule simply explains *to whom* confidential mediation communications can be *disclosed*. All mediation communications made by participants are afforded confidentiality protections.

---

[4] The only exceptions to the confidentiality provision are listed in MCR 2.412(D); none applies here.

[5] We decline to address whether Findling, as the court-appointed receiver for Warda, could also be considered a "mediation party" because it is unnecessary for the disposition of this case.

7

In this case, Findling was a mediation participant as that term is defined in MCR 2.412(B)(4). Findling was acting as the court-appointed receiver with settlement authority for Warda, the party to the PIP action that was the subject of the mediation.

III. CONCLUSION

In sum, we hold that defendant Findling's statements were confidential under MCR 2.412(C) because his comments were "mediation communications." Therefore, we conclude that the Court of Appeals erred by vacating the trial court's grant of defendants' motion to strike and reversing and remanding the trial court's grant of defendants' motion for summary disposition under MCR 2.116(C)(10). With respect to that part of the Court of Appeals' opinion addressing Docket No. 348231, we reverse Part II(A)(2) of the opinion and reinstate the Oakland Circuit Court's October 31, 2018 order granting defendants' motion to strike the affidavit and motion in limine to preclude testimony. We also reverse Part II(B)(2) of the Court of Appeals' opinion and reinstate the circuit court's March 8, 2019 order granting summary disposition to defendants under MCR 2.116(C)(10), because plaintiff has admitted that, without Wright's affidavit or testimony, he has no evidence to support the relevant defamation allegations. In all other respects, the application for leave to appeal is denied, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

Bridget M. McCormack
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

8